## STATE *versus* ELEAZER HUTCHINSON.

The crime of adultery is well laid in an indictment, if at the time of the offence, one only, of the parties, is alleged to be married.

An indictment was found in March, 1853, charging that the defendant on the 1st day of Nov. 1852, and on divers other days and times, &c., did commit the crime of adultery with L. H., the wife of one M. H., he, the said Eleazer, being *then* and *there* a married man and having a lawful wife alive; *Held,* that the indictment did sufficiently allege, that the defendant was married to some other than said L. H., at the time of the alleged offence.

ON EXCEPTIONS from *Nisi Prius,* RICE, J., presiding.

INDICTMENT, found at the March term, 1853, for the crime of adultery. In the second count it charges, that the defendant, at Gardiner, " on the first day of November, 1852, and on divers other days and times, between the first day of November aforesaid and the sixteenth day of December, 1852,

at said Gardiner, did commit the crime of adultery with Lucy Hersey, the wife of one Moses Hersey, by having carnal knowledge of the body of her, the said Lucy Hersey, he, the said Eleazer Hutchinson, being then and there a married man, and having a lawful wife alive," &c.

The jury returned a verdict of "guilty."

After this vedict was rendered, the respondent's counsel moved that judgment might be arrested on said verdict, for the following reasons: —

1. Because said indictment alleges that the act charged was committed on the first day of November, 1852, and on divers other days and times, between the first day of November, 1852, and the first day of January, 1853, leaving the time vague and uncertain.

- 2. Because said indictment is bad and insufficient in law to sustain a judgment thereon.

3. Because said indictment charges several different offences in each of the two counts.

4. Because all the allegations in the indictment may be true, and yet no offence be committed.

The motion was overruled, and defendant excepted.

*Lancaster & Baker*, for defendant, maintained the grounds taken in their motion, but considered the first three, under this proposition: —

1. The count was bad for uncertainty and duplicity, and cited Arch. Crim. Plead. 46, 49 and 50; *Pierce* v. *Pickens*, 16 Mass. 470; 2 Hawk. P. C., c. 25, § 28 or 82; *English* v. *Pierson*, 6 East, 395; *Commonwealth* v. *Maxwell*, 2 Pick. 139; *Commonwealth* v. *Wyman*, 8 Met. 247; *State* v. *Nelson*, 29 Maine, 329; *Carlton* v. *Commonwealth*, 5 Met. 532; *State* v. *Howe*, 1 Richardson, (S. C.) 260; 8 N. H. 163; 2 Hale, 178; 1 Chitty's Crim. Law, 217, 218 and 225.

2. Under the fourth alleged reason for arrest, that for aught that appears, Lucy Hersey, at the time of the alleged offence, may have been the wife of defendant. It does not appear that she was not his wife at that time, and nothing is to be taken by intendment. 6 Met. 243; 6 Cush. 78; 35 Maine,

205. She might have been the wife of Hutchinson in Nov. 1852, and the wife of Moses Hersey in March, 1853, for she might have been divorced and married again.

*Vose*, County Attorney, for the State.

APPLETON, J. — The indictment in this case alleges that "Eleazer Hutchinson of Gardiner, in the county of Kennebec, on the first day of November, A. D. 1852, at Gardiner aforesaid, he, the said Eleazer Hutchinson, being then and there a married man and having a lawful wife alive, did commit the crime of adultery with Lucy Hersey, the wife of one Moses Hersey, by having carnal knowledge of the body of her, the said Lucy Hersey," &c. It is impossible to misunderstand the meaning of the language used in this indictment. One does not readily perceive what more is required to convey to an ordinary understanding a clear and distinct idea of the nature and character of the offence charged. It would savor more of niceness than of wisdom to discharge the defendant upon distinctions such as are raised in this case. In *State* v. *Tibbetts*, 35 Maine, 205, there was no allegation that the defendant was a married man, having a lawful wife alive, at the time when the offence was alleged to have been committed. In *Com.* v. *Reardon*, 6 Cush. 79, DEWEY, J., says, "it is true, that if the party indicted is himself alleged to be a married man, the indictment will be good and sufficient in form, without any allegation that the person with whom he had sexual intercourse was a married woman. But it is no less true, that the indictment in such case may equally allege both the parties to the adultery to be married persons." In the present case the allegation is full and distinct, that at the time set forth in the indictment the defendant was a married man. The offence is equally committed in such case, whether the woman is or is not married.                        *Exceptions overruled.*

SHEPLEY, C. J., and TENNEY, and CUTTING, J. J., concurred.