State *v.* Temple.

THE STATE OF VERMONT *v.* AMOS TEMPLE.*

*Incest. Pleading.*

In an indictment for the crime of incest each count should charge but one offence and specify the particular day when committed, in accordance with the general rule of criminal pleading.

Where one count alleged that the respondent committed this offence " on the 20th day of September, A. D. 1860, and on *divers other days and times between said* 20th day of September and the 9th day of December, A. D. 1862," it was held bad upon motion in arrest of judgment, in that it alleged a series of offences, and that too without specifying any particular day when each was committed except the first. The *continuendo* could not be rejected as surplusage, as the substance of it was not wholly immaterial to the guilt or innocence of the accused.

INDICTMENT for incest. Plea, not guilty, and trial by jury, September Term, 1863, BARRETT, J., presiding. The jury returned a verdict of guilty, after which the respondent moved that judgment be arrested for insufficiency of the indictment. The motion was overruled and the respondent excepted. The indictment is sufficiently set forth in the opinion of the court.

*A. Stoddard,* for the respondent.

*H. N. Hix,* State's Attorney, for the state.

The opinion of the court was delivered by

PECK, J. The motion in arrest in this case presents the question of the sufficiency of the indictment. The second count is not attempted to be sustained by the counsel for the state, nor can any plausible reason be assigned for sustaining it. It was probably drawn after an old form under a statute which has not been in force for many years, and which had ceased to exist long before the offence

* This case was heard at the February Term, 1864, and held for advisement until the February Term, 1865, when the opinion was delivered.

in question is alleged to have been committed. It would be bad even under that statute, as a material allegation in that form is omitted. The question is as to the sufficiency of the first count.

The first count is drawn for an offence against section 7 of chapter 28 of the Compiled Statutes. That section is as follows : " All persons being within the degrees of consanguinity in which marriages are prohibited or declared by law to be incestuous and void, who shall intermarry with each other, or who shall commit adultery or fornication with each other, shall be punished as in case of adultery."

The indictment after alleging the degree of kindred by consanguinity between the respondent and Amy Temple, which brings the case within the statute in that respect, alleges that the respondent and the said Amy " on the 20th day of September, A. D. 1860, and on divers other days and times between said 20th day of September, A. D. 1860, and the 9th day of December, A. D. 1862, with force and arms, at Dummerston aforesaid, unlawfully and incestuously did carnally know each other and there the detestable crime of incest with each other wickedly and unlawfully did commit and perpetrate," &c.

The objection made by the respondent's counsel to this indictment is that it alleges the crime committed on the 20th day of September, 1860, *and on divers other days and times between that day and the 9th day of December*, 1862, thus alleging a series of offences, and that too without specifying any particular day when each was committed, except the first. It is clear that in order to prove the commission of the crime under this section of the statute it is not necessary to allege or prove that the parties implicated dwelt or cohabited with each other as husband and wife continuously, or to allege or prove a succession of acts of sexual intercourse. Each occasion of such intercourse is a distinct offence, the same as in case of the crime of adultery. The only difference in the two cases is that in case of adultery it is necessary to prove that at least one of the alleged guilty parties was at the time the wife or husband of another, and in this case it must be alleged that the parties were related by consanguinity within the degrees in which marriage is prohibited. The criminal act which constitutes the crime is the same in both cases,

and the rule applicable to an indictment in one must apply to the other. The indictment sufficiently charges an offence committed on the 20th day of September, 1860, and if no other offences had been charged it would have been sufficient. It proceeds to charge acts of the same character committed on divers other days and times between said 20th day of September, 1860, and the 9th day of December, 1862, thus charging the respondent with an indefinite number of distinct offences committed between the two days named through a period of more than two years.

The first question is whether the respondent could properly be charged *and put upon trial* in this way for such number of offences in a single count. It is a general rule in criminal pleading that an indictment should not charge the respondent with being an offender generally, but should charge him with some particular specified offence, and that but one offence should be charged in a single count. This is in order that the respondent may be informed of what he is accused, so as to know what defence to make, that it may more clearly appear that the facts given in evidence are the same of which the grand jury have charged him, and that it may appear judicially to the court what punishment is proper upon conviction. If a different rule applies to this case it must be on account of something peculiar in the nature of the crime which renders the rule inapplicable. The exception to the rule is said to be where the crime consists not in a single act, but in a succession of acts, as an indictment against one as a common barrator. But even in that case the accused is entitled to a specification of the transactions relied on by the government in proof, before he can be put upon trial. The offence in question is not of that character, as has already been seen. Charging in one count a series of distinct offences, each meriting a separate penalty or punishment, with a *continuendo* or as committed at divers days and times between certain dates is certainly not in accordance with the general principles of criminal pleading, and we are referred to no authority showing that it is permitted in offences of this kind, or in any analogous cases. As adultery and incest are not criminal by the municipal laws of England, and have not been for about two hundred years, no precedents of indictments for these particular offences can be expected to be found in the English books. Nor has

any case been cited, either English or American, of an indictment in this form for several distinct offences in one count. No satisfactory reason is perceived why this case should not be subject to the general rule of criminal pleading which forbids putting the accused on trial for a multitude of offences charged in a single count. The same reason exists for departing from this rule in case of an indictment for assault and battery repeated upon the same person as in this case. An indictment for assault and battery *on divers days and times* covering a period of two years, would certainly be a novelty. The uncertainty and embarrassment in the mind of the respondent as to what he was called on to meet, would be the same in this case as in that. How can it be ascertained after verdict of guilty upon this indictment, of how many offences the respondent is convicted. It is true in offences of this character the evidence might be not positive and direct to the commission of the offence on any certain day or occasion, it might be of a general character embracing a considerable period of time; for instance, the admission of the respondent testified to by Dutton, in this case, that the respondent and the said Amy had been living together as man and wife would be admissible. Neither this uncertainty in the proof as to the particular day and occasion when the offence was committed, nor the fact that it necessarily tended to prove more than one offence, would be any objection to the evidence, but it is no reason why the respondent should be put on trial for more than one offence charged in one count, nor any reason why the offence should not be charged in the indictment with legal certainty as to time and place. We think the count in question regularly should have charged but one offence, and that the law does not warrant the government in putting the respondent on trial for the multitude of offences therein alleged. .

It is said in 1 Chit. C. L. 185 that " if the indictment lay the offence to have been committed on an impossible day, as on the 30th day of February or 31st day of June, or on a future day, this will be as objectional as if no day at all had been inserted; so the indictment will be insufficient if on the face of it the same offence be alleged to have been committed at different periods, or on such a day as renders it repugnant to itself." This indictment charges an indefinite multitude of offences committed at different periods, without

alleging any particular day on which they were committed, except the single offence alleged to have been committed on the 20th of September. Unless the *continuendo* can be rejected as surplusage the indictment is bad for this cause, as every offence must have been alleged to have been committed on some particular day named.

The ground principally relied on by the counsel for the govern-ment to sustain the indictment is that the *continuendo*, or allegation of the commission of the crime on divers days and times, may be rejected as surplusage. Each offence embraced in this allegation is well charged except as to time. An allegation is not necessarily to be rejected as surplusage because the matter of it is defectively al-leged. Upon principle it would seem that this allegation cannot be rejected as surplusage, as the substance of it is not wholly immate-rial to the guilt or innocence of the accused. For the reason already stated no direct authority or precedent is found in the English books upon this precise question under an indictment for this of-fence or the analogous crime of adultery. But in civil suits a ques-tion involving the same principle has arisen. In an action of tres-pass where the acts of trespass are so far several in their nature that they cannot properly be alleged with a *continuendo*, or as having been committed on divers days, if they are so alleged, the allegation is not regarded as surplusage, but the declaration is for that cause demurrable, but good after verdict. In 1 Chit. Pl. 394 it is said, "where the act complained of was single in its nature, as an assault, it would be demurrable to state that an assault was committed on divers days and times." The same principle is laid down by Gould and other elementary writers, and is sustained by the authorities. In the note to *Earl of Winchester* v. *Vail*, 1 Saund. 24, n., it is said " the laying of a trespass with a *continuendo* when it ought not to be so, is bad upon special demurrer but cured by verdict. So if it be improperly laid on divers days and times." In *Michell* v. *Niale & Wife*, Cowp. 828, the declaration was for assault and battery, and alleged that the defendant on the 6th day of May, 1777, and on divers other days and times from and between that day and the commence ment of the plaint, made an assault, &c. Special demurrer because the assault ought to have been charged on a day certain and not with a *continuendo*. The court say an assault is one entire individual act

and cannot be committed at different times ; besides, it is impossible for the defendant to know whether the plaintiff means to prove one assault only or twenty, therefore he cannot be prepared to justify. The judgment was for the defendant. The same point was decided the same way on demurrer in *English* v. *Parson*, 6 East, 395. If this is good cause of special demurrer in civil suits, it is fatal after verdict in criminal proceedings, since formal defects in an indictment are not cured by verdict.

In some of the states adultery is made criminal by statute as it is in this state. It is so in Massachusetts and Connecticut. I find no case in which such a mode of pleading as was adopted in this case has been resorted to or countenanced in a prosecution for such crime. In *Commonwealth* v. *Merriam*, 14 Pick. 518, the indictment, which was for adultery, followed the general rule of pleading in criminal cases, charging one distinct offence. In that case a witness on the part of the prosecution having been introduced showing the commission of the offence on a specified occasion, was impeached, and the court held that evidence after that was properly received to show improper and indecent acts of familiarity between the alleged criminal parties about the same time ; but it is put expressly on the ground that it was not evidence to show another offence, but confirmatory evidence of the offence first testified to by the government witness, as rendering his story more probable. This decision was undoubtedly correct. But in *State* v. *Bates*, 10 Conn. 372, it was decided that the prosecution having given evidence of one act of adultery, must be confined to that, and cannot be permitted to introduce other criminal acts of the same character at different times and places, even with the same person, neither as a substantive ground of conviction, nor as confirmatory evidence of the criminal act first attempted to be proved. The court further say that the prosecutor cannot introduce evidence of a number of offences on different occasions, and then elect on which he will claim a conviction, but must elect from the first, and then be bound by his election. The reason the court give is that the accused may come prepared to defend against a single charge, which he may do successfully, and having done so, may not find himself overwhelmed by a multitude of others of which the information gives him no notice, and against which he cannot be supposed

State *v.* Temple.

to be prepared. The court refer to many authorities in prosecutions for other crimes in support of their decision, and conclude by saying that the same rule must apply to the case under consideration. It is true the case is not a direct adjudication upon this question, because in that case but one offence was charged in the indictment, but the reasoning of the court is very strong to show that the same rule of pleading, as well as the same rule of evidence, applies to prosecutions for this offence that is applicable to other crimes. A *continuendo*, embracing perhaps the whole period of the statute of limitations, practically gives the accused but very imperfect notice of what he may be called on to meet at the trial.

If we could reject the *continuendo* as surplusage, and hold the indictment good, still there is error in the ruling of the county court in admitting evidence of distinct offences on different occasions at remote periods of time, after the respondent's counsel had insisted that the state should be confined in the proof to a single occasion. But the indictment cannot be sustained upon principle, precedent or authority.

Judgment of the county court overruling the motion in arrest and sentencing the prisoner, is reversed, and sentence arrested.