## GALLAGHER VS. THE STATE.

CRIMINAL LAW AND PRACTICE: (1, 2.) *Certainty required in complaint for misdemeanor.—Surplusage.* (3.) *Statutory method of striking off jurors' names, mandatory.* (4.) *Waiver of error.*

| 26 | 423 |
| 88 | 260 |

1. Certainty to a common intent is sufficient in charging a mere *misdemeanor*.
2. A complaint before a J. P., under the statute, alleges that one E. P. is a minor, and that on the 12th of March, 1870, at a specified place, he " did play a game of billiards on a billiard table kept" at that place by the defendant for profit; and that defendant " did on that day, and at divers other days since that time, the 12th of March, 1870, and this day, permit, for pay, said E. P., a minor as aforesaid, to play billiards on his said billiard table kept for profit as aforesaid," etc. *Held,*
   (1.) That the billiard table is charged with sufficient certainty to have been kept by defendant for profit on the 12th of March, 1870, at the place named, although the technical words " then and there" are omitted.
   (2.) That defendant is sufficiently charged with being the *keeper* of the billiard table, although the word " keeper," found in the statute, is not used in the complaint.
   (3.) That the words " at divers other days," etc., may be rejected as surplusage, and do not invalidate the complaint.
3. Section 2, chapter 315, Private and Local Laws of 1867, provides that in criminal actions appealed to the county court of Winnebago county, in case the defendant shall fail to strike out names from the list of jurors, " the court shall direct some suitable· disinterested person to strike out such names on the part of the defendant." *Held,* that it was error for *the judge* to strike out names for the defendant, who refused to do so himself.
4. Defendant may avail himself of the error, on appeal, if he excepted at the time, although he did not challenge the array on that ground.

ERROR to the County Court of *Winnebago* County. A complaint was made, on oath, before a justice of the peace of said county, which charges that the party complaining " is credibly informed, and has good reason to believe, that E. P., a resident of the village of Omro, in said county, is a minor, under the age of twenty-one years, and that on the 12th day of March, 1870, in the said village of Omro, in the said county, he, the said E. P., did play a game of billiards on a billiard table kept in the village of Omro, in said county, by one *Patrick Gallagher*, for profit; and the

said *Patrick Gallagher* did on that day, and at divers other days since that time, the 12th day of March, 1870, and this day, permit, for pay, the said E. P., a minor as aforesaid, to play billiards on his said table kept for profit as aforesaid, in the said village and county as aforesaid, contrary to the statute," etc. Being convicted and fined in the justice's court, defendant appealed to county court. The proceedings in that court in empanneling a jury to try the cause, to which an exception was taken by the defendant, will appear from the opinion. Verdict and judgment against the defendant ; and he took his writ of error.

*Felker & Weisbrod*, for plaintiff in error, contended that the complaint does not state that *at the time* the playing is alleged to have been done, the accused kept a billiard table for profit, and the allegation on that point must be understood to refer to the time when the complaint was made. 3 Cush. 523. 2. That it should be alleged expressly that *Gallagher* was the " owner" or " keeper" of such a table. 3. That there was fatal error in the empanneling of the jury. Laws of 1860, ch. 361, secs. 1, 2, 22 ; P. & L. Laws of 1867, ch. 315, secs. 1, 2.

*John C. Spooner*, assistant attorney-general, for the state, as to the sufficiency of the complaint, cited 4 Chand. 149 ; *Bilbro v. The State*, 7 Humph. 534 ; 6 id. 285, 204. 2. Objections to the mode of summoning a grand or petit jury should be taken by a challenge of the array, or by motion to quash the indictment (2 Scam. 326) ; and a challenge to the array must be in writing. 1 Man. (Mich.) 451 ; 3 Whart. 2947 ; Barb. Cr. Law, 354 ; Archbold's Cr. Pl. 537. The jury here was selected in substantial compliance with ch. 361, Laws of 1860. Objections to the array, because the selection of the jurors varied from the requirements of the law in unimportant particulars, will not be heard. 6 Ham. 19.

DIXON, C. J.   It is well settled that the same strict-
ness of averment is not necessary in indictments for
misdemeanors as in indictments for felonies.   A sub-
stantial statement of the offense, or certainty to a com-
mon intent, is all that is required in charging misde-
meanors.   *Ford v. The State,* 4 Chandler, 148 ; *Martin v.
State,* 6 Humphrey, 204 ; *Taylor v. State,* id. 285 ; *Bilbro
v. The State,* 7 id. 534 ; *Sanderlin v. The State,* 2 id.
315.   The complaint is sufficient, within this rule.   It
is certain to a common intent that the billiard table is
charged to have been kept for profit at the place
named, on the 12th day of March, 1870, without the
introduction of the formal and technical words " then
and there."   And it is also with equal certainty averred
that the defendant was the " keeper" of the billiard
table at the same time and place.   Such is the natural
and ordinary import and meaning of the language em-
ployed, and it is not necessary that the word "keeper,"
found in the statute (Laws of 1867, ch. 128, sec. 2),
should be used in the complaint.   The words of the
complaint, " kept by one *Patrick Gallagher,*" fully sup-
ply its place.

   And the further allegations, that, *at divers other days,*
etc., the like offenses were committed, may be rejected
as surplusage.   A case in 38 Vt. 37, *State v. Temple,*
holds the contrary doctrine, and that an indictment
charging a misdemeanor in this form is bad, as alleging
a series of offenses without specifying any particular
time when each one was committed, or counting on
them separately.   It was held that such statement
could not be rejected as surplusage.   A different rule,
however, and, as we think, the better one, prevails else-
where.   *United States v. La Coste,* 2 Mason, 139, 140 ;
*The People v. Adams,* 17 Wend. 475 ; *Cook v. The State,*
11 Ga. 53 ; *Redman's Case,* Leach's Crown Law, 410 ;
*Morris' Case,* id. 113 ; *William Morris' Case,* id. 403.
There is no uncertainty as to the offense charged on
the particular day named, to which the evidence must

be directed, and proof of any other offense committed than the one so properly charged, will not be received. The indictment thus serves all the purposes intended by law, of informing the defendant of the particular offense with which he is charged, so that he may come prepared to meet it, and no injustice can be done him.

The statute regulating the mode of striking names from the list of jurors in criminal actions appealed to the county court of Winnebago county, is very clear and explicit. It declares that in case the defendant, or all the defendants, in such actions shall neglect to strike out the names, "the court shall direct some suitable disinterested person to strike out such names on the part of the defendant or defendants." Pr. and Local Laws of 1867, ch. 315, sec. 2. In this case the defendant refused to strike the names, and the judge, instead of appointing some suitable and disinterested person to do so for him, struck off the names himself, to which the defendant excepted. It is urged by the assistant attorney-general, that it is enough that the names were stricken out and the jury selected in compliance with the provisions of section 22, ch. 361, Laws of 1860, of which the above act of 1867 is an amendment. This, we think, is a mistake. The act of 1860 prescribes the mode of selecting jurors in *civil* cases, and that of 1867, which confers the jurisdiction, in criminal cases. The provisions with regard to striking out the names, in case the party refuses, differ very materially in the two classes of cases; and it is obvious that in a *criminal* action, the last act must govern. It is not only in conflict with the former, but it is a statute regulating the proceedings in that particular class of cases.

And again, it is urged that this objection was waived, because there was no challenge to the array of jurors; or, if there was a challenge, that it does not appear to have been in writing. It may be true, as urged, that this was a ground of challenge to the array, and that the objection might have been so taken. It may also

be true that the same or kindred objections, if not so taken, are generally, or under ordinary circumstances, waived. But the circumstances here were peculiar. It was a proceeding in open court in the course of trial or of preparation for it. It was in the presence of the parties and their counsel, and the act or error complained of, was the act or error of the court in such proceeding. It became the duty of the court to act in the premises, and of course to act agreeably to the requirements of law. The defendant had his opportunity to object and except, and did do so according to the usual course of practice in the trial of actions. What more was necessary in order to save the objection, we cannot readily see. Nor can we see how it should have been lost or waived by not having been brought up again in some other form. Indeed, it seems to us that it would have been quite useless for the defendant to have done so. We think the exception was regularly and properly taken, and that the objection is before us for consideration.

It may be true, and we have no doubt it is, that the defendant suffered nothing at all by reason of the judge having struck out the names himself, instead of having directed a disinterested person to do so. But it is a question of strict written law. It is enough in such case, *ita lex scripta est*. We have no discretion in the matter, and neither had the judge below. He could only appoint some suitable disinterested person to strike out the names, and could not confer such appointment upon himself. This was so held in *Hills v. Passage*, 21 Wis. 294, in a civil action; and much more would the rule prevail in a prosecution for crime. For this reason we are of the opinion that the verdict in the court below should be set aside, and a new trial granted.

*By the Court.*—The cause is remanded with such directions.