## NANCY CLAY *v.* THE STATE.

ADULTERY. — INDICTMENT for adultery must charge that, at the time the offense was committed, either the accused or the paramour of the accused was a married person, and should directly aver to whom married.

APPEAL from the County Court of Houston. Tried below before the Hon. S. A. MILLER, County Judge.

This case is sufficiently stated in the opinion.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J.   The indictment in this case charges "that Nancy Clay, on the first day of August, in the year of our Lord one thousand eight hundred and seventy-six, in the county of Houston aforesaid, did unlawfully, willfully, knowingly, and feloniously cohabit together with and carnally know one William Magrew, the said Nancy Clay then and there being married and her husband still living, and the said Nancy Clay not then and there being divorced from her husband, but then and there being lawfully married," etc.

The indictment nowhere avers that appellant is not the wife of Magrew, the party with whom she is charged to have had the adulterous intercourse ; nor is it averred, except inferentially, that she is the wife of some other man than Magrew.

" To support a conviction for adultery it must be charged and proved that one of the parties is married to some person other than the *particeps criminis.*"   *Tucker* v. *The State*, 25 Texas, 113 ; *The Commonwealth* v. *Readon*, 6 Cush. 78 ; *Hutchinson* v. *The State*, 36 Me. 261 ; *Helfrich* v. *The Commonwealth*, 33 Pa. St. 68 ; 2 Whart. Prec. of Indict., 3d ed., p. 995 ; and a case directly analogous to the one at bar is *Moore* v. *The Commonwealth*, 6 Metc. 243.

The indictment being fatally defective, the judgment is reversed and the case dismissed.

*Dismissed.*