COMMONWEALTH *vs.* CALVIN FULLER.

Norfolk.    March 6, 1895. — May 24, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Adultery — Indictment — Continuando — Duplicity — Surplusage — Trial — Election by Prosecution of Occasion relied on.*

An indictment charging the defendant with the crime of adultery on July 1, 1894, " and on divers other days and times between that day " and June 5, 1894, is bad, because it charges the offence with a *continuando,* and also because it is objectionable for duplicity; and the allegation of continuance, being sufficient in form, cannot be rejected as surplusage.

Where it appeared that, at the trial in the Superior Court of an indictment for adultery, evidence was introduced of a succession of acts of familiarity between the defendant and his paramour extending over more than a year, that the presiding judge declined to compel the prosecution, either at the beginning of the trial or at the close of its testimony, to elect on which occasion it would rely, that at the close of all the testimony it elected to rely on one of the earliest occasions of which there was any evidence, and that the judge treated the evidence relating to subsequent occasions as indicative of an adulterous disposition, without affording an opportunity to the defendant to object to it as too remote, this court deemed it proper to say that the trial was conducted irregularly, and without due regard to the rights of the defendant.

FIELD, C. J.    This is an indictment containing but one count, charging that the defendant, " on the first day of July, in the year of our Lord eighteen hundred and ninety-four, at Medfield, in the county of Norfolk aforesaid, and on divers other days and times between that day and the fifth day of June in the year of our Lord eighteen hundred and ninety-four, did commit the crime of adultery with one Marion Brown, by then and there having carnal knowledge of the body of the said Marion Brown, the said Calvin Fuller being then and there a married man, and then and there having a lawful wife alive other than the said Marion Brown, and the said Calvin Fuller and Marion Brown not being then and there lawfully married to each other."

The defendant duly filed a motion to quash the indictment for these reasons : " 1. Because the said indictment does not set forth any offence known to the law in any legal or sufficient manner.    2. Because the said indictment is bad for duplicity in charging more than one offence in the same count."

We think that the indictment should be quashed for each of

the reasons alleged. Adultery is not a continuing offence. Each act of adultery constitutes a separate offence.

This is not a case where the *continuando* can be rejected as surplusage on the ground that the form of the allegation is imperfect and insufficient, because here the allegation is sufficient in form. If it is permissible to charge adultery with a *continuando*, then the Commonwealth should have been limited in its proof of substantive acts to the time alleged, and the Commonwealth ultimately relied upon an act which occurred nearly a year before any time alleged. The real difficulty in the present case is that the defendant is charged in one count with the commission of many acts of adultery with the same person on different days and times. *Commonwealth* v. *Adams*, 1 Gray, 481. *State* v. *Temple*, 38 Vt. 37.

We deem it proper to say that the trial in this case seems to us to have been conducted irregularly and without due regard to the rights of the defendant. The Commonwealth was permitted to introduce evidence of acts of familiarity between the defendant and Marion Brown at many different times within six years before the finding of the indictment, and was not compelled to elect the time or occasion upon which it relied until the close of all the evidence in the case. The court refused to compel the Commonwealth to specify any time or occasion, either at the beginning of the trial or at the close of the Commonwealth's testimony, and the testimony related to a succession of acts of familiarity extending over more than a year. The defendant when putting in his testimony could not know upon what occasion the Commonwealth would rely. At the close of all the testimony the Commonwealth chose to rely upon the occasion of July 13, 1893, which was one of the earliest occasions concerning which there was any evidence. The evidence relating to other occasions was treated by the court as evidence of an adulterous disposition; but there was no opportunity for the defendant to object to it on the ground that it related to occurrences which happened long after the occasion relied upon by the Commonwealth had passed. It is unnecessary, however, to express in detail an opinion upon the various exceptions taken at the trial, as the indictment must be quashed.     *Exceptions sustained.*

*J. J. Feely & A. C. Smith*, for the defendant.

*R. O. Harris*, District Attorney, for the Commonwealth.