### John Tomlinson et al. v. The People, etc.

1. CRIMINAL PROCEDURE—*Not Necessary to Prove that the Offense Was Committed upon the Day Alleged.*—In criminal proceedings it is not necessary to prove that the offense was committed upon the very day alleged in the indictment.

2. INSTRUCTIONS—*As to Living in an Open State of Adultery.*—On the trial of an indictment for living in an open state of adultery, the defendants are entitled to an instruction that the jury are to determine from all the circumstances, as brought out by the evidence, whether or not such defendants lived together in a state of adultery, and in order to find them guilty the jury must find from the evidence that such defendants were living together in an open and notorious state of adultery, and that they were cohabiting together; and if the evidence does not establish the living together of the defendants in the minds of the jurors beyond a reasonable doubt, they must find them not guilty; and an instruction which requires, as a condition of acquittal, the jury to find from the evidence that the defendants did not cohabit together and have illicit intercourse is not equivalent to such an instruction.

Indictment, for living in an open state of adultery. Error to the Criminal Court of Cook County; the Hon. ABNER SMITH, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed July 2, 1902.

Statement.—At the March term, A. D. 1901, of the Criminal Court, an indictment was returned against the plaintiffs in error, containing four counts, which charge, substantially, that the plaintiffs in error, on the first day of August, in the year 1900, in said county of Cook and State of Illinois aforesaid, unlawfully lived together in an open

state of adultery and fornication. The defendants were found guilty and sentenced to imprisonment, and also to pay a certain fine.

A. F. DREUTZER and P. R. BOYLAN, attorneys for plaintiffs in error.

CHARLES S. DENEEN, state's attorney, FRANK CROWE, assistant state's attorney, ROBERT E. CROWE, of counsel, attorneys for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The third count of the indictment in this case, which appellant has not abstracted, is full and complete even under the strictness of the common law as to indictments. State v. Hutchinson, 36 Me. 261.

It is not necessary that the offense should be proven to have been committed upon the very day alleged. Commonwealth v. Cobb, 14 Gray (Mass.), 57.

It being conceded that the defendant Tomlinson was a married man, proof of his married state was unnecessary.

The defendants were indicted, not for adultery, but for living in an open state of adultery; it was therefore necessary to a conviction that the evidence should show beyond a reasonable doubt that they had so lived.

The defendants had a right to have clearly pointed out the distinction between adultery and the alleged offense for which they were on trial.

The defendants asked that the following instruction should be given:

" The court further instructs the jury that they are to determine from all the circumstances, as brought out by the evidence, whether or not the defendants lived together in a state of adultery, and in order to find the defendants guilty they must find from the evidence that the defendants were living together in an open and notorious state of adultery and that they were cohabiting together; and if the evidence does not establish the living together and cohabiting together of the defendants in the minds of the jurors beyond a reasonable doubt, then they must find the defendants not guilty."

This was an instruction which appellants were entitled to have given. Searls v. The People, 13 Ill. 597; Miner v. The People, 58 Ill. 59.

Instruction number four, given at the instance of the defendants, is not the equivalent of the above, as it requires as a condition of acquittal that the jury shall find from the evidence that the defendants did not cohabit together and have illicit intercourse between them.

The law raises the presumption that the defendants did not do these things; the jury, to convict, must find that they did.

The judgment of the Criminal Court is reversed and the cause remanded.