UNITED STATES OF AMERICA *v.* JOSEPH A. DOYLE.

UNITED STATES OF AMERICA *v.* MAUDE SCHUR-MANN, ALIAS MAUDE SCHOLL, ALIAS MAUDE DOYLE.

## April 30, 1914.

1. *Indictment—Duplicity:* An indictment charging in one count the commission of adultery "on or about the 15th day of January, 1911, and between the 15th day of January, 1911, and the 1st day of August, 1912, at various times, the exact date of which is to the grand jurors unknown," is bad for duplicity. Also, an indictment charging in one count the commission of adultery "on or about the 10th day of December, 1913, and between the 20th day of November, 1913, and the 23rd day of December, 1913".

2. *Same—Same—Demurrer, practice on sustaining:* On sustaining demurrer to indictment upon such ground of duplicity, the court rules that if the government will elect to proceed upon the single offense first charged, the case may proceed upon such election; otherwise the indictment to be dismissed and the defendants discharged.

3. *Same—Adultery—Naming spouse:* In an indictment for adultery the designation of the defendant's spouse as "one ———— Scholl whose full and correct name is to the grand jurors unknown," is not a fatal defect.

*Criminal Law:* Demurrer to indictment.

*Jeff McCarn,* U. S. District Attorney, for the United States.

*E. C. Peters* and *R. J. O'Brien* for the defendants.

CLEMONS, J. The defendant demurs to the indictment in each of these cases, on the ground, among others, that "more than one offense is charged in the single count." This objection is based upon the manner in which time is laid. It is clearly untenable in cases No. 950 and 953, wherein the act is charged as having been committed "on or about" a certain day, "the exact date of which is to the grand jurors unknown".

And in these cases the objection is overruled.

In case No. 951, the time of the alleged offense is charged as "on or about the 15th day of January, A. D., 1911, and between the 15th day of January, A. D., 1911, and the 1st day of August, A. D. 1912, at various times, the exact dates of which is to the grand jurors unknown". The word "dates" appears to have been originally typewritten "date" and the letter "s" added by pen and ink.

In case No. 952, the time of the alleged offense is charged as "on or about the 10th day of December, A. D., 1913, and between the 20th day of November, A. D., 1913, and the 23rd day of December, A. D., 1913, at various times, the exact date of which is unknown."

In case No. 954, the time of the alleged offense is charged, as "on or about the 10th day of December, A. D., 1913, and between the 20th day of November, A. D., 1913, and the 23rd day of December, A. D., 1913, at various times, the exact date of which is unknown".

[1] Against the objection of duplicity, it is urged (1) in each case the limitation of time as between certain dates is only descriptive of the preceding temporal clause "on or about" a certain date, and (2) that at all events, so far as concerns any other offenses than that the date of which is given, those additional offenses could be proved, any way, under the indictment, just as in a recent trial in this court, wherein other acts of adultery than that alleged in the indictment were admitted in proof of intent and disposition of the parties. It is also urged (3) that the objection is technical, and that courts are now ruling against such objections.

A careful reading of the language above quoted from these indictments disposes of the first of the government's contentions just mentioned.

The government's second objection is removed by due consideration of the distinction between what may be alleged in one count of an indictment and what may be

offered in proof thereof. While under an indictment for a particular act of adultery, other acts of adultery may, for example, be proved to show an adulterous disposition, nevertheless:

"Charging in one count a series of distinct offenses, each meriting a separate penalty or punishment, with a continuando or as committed at divers days and times between certain dates is certainly not in accordance with the general principles of criminal pleading and we are referred to no authority showing that it is permitted in offenses of this kind, or in any analogous cases. . . . No satisfactory reason is perceived why this case should not be subject to the general rule of criminal pleading, which forbids putting the accused on trial for a multitude of offenses charged in a single count." *State v. Temple*, 38 Vt. 37, 39.

The opinion in this case is referred to for the clear distinction made between matters of pleading and of evidence, as also for its statement of the policy of the rule just quoted and its justification of the rule by early precedents. *Commonwealth v. Fuller*, 163 Mass. 499; 40 N. E. 764, is a more recent case in support of the rule. Justice Peck, in the case of *Temple*, supra, characterizes "an indictment for assault and battery on divers times and days covering a period of two years" as "certainly a novelty" in pleading, and as calculated to bring "uncertainty and embarrassment to the mind of the respondent as to what he is called upon to meet." Ibid. 40. He also points out the unsoundness of such pleading when viewed in the light of the law of *res adjudicata*, former conviction or acquittal,—which is often made the test of good pleading: he asks, "How can it be ascertained after verdict of guilty upon this indictment, of how many offenses the respondent is convicted?" Ibid.

With such authorities, and those cited in Joyce on Indictments, sec. 408, in support of the rule, it can hardly be called technical. And though one decision has been found in which, by way of dictum merely, adultery is character-

ized as "a continuing offense", *State v. Dennison,* 60 Neb. 192; 82 N. W. 628, 629, it is believed that this characterization, which finds no support elsewhere so far as discovered, is in error, and that the express ruling contra in the *Fuller* case, above cited, involving adultery, should be followed.

Finally, Rev. Stat., sec. 1024, appears to contemplate the joining of separate offenses in separate counts:

"Where there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment *in separate counts.*"

The objections on the ground of duplicity are, therefore, sustained in cases No. 951, 952, and 954.

In case No. 953 an objection is based on the fact that, the defendant being a married woman charged with the offense of adultery, the name of her husband is described as "one —— Scholl, whose full and correct name is to the grand jurors unknown". The context describes this person Scholl as a person "other than the said Joseph A. Doyle", the latter having been therein above described as the co-participant with the defendant in this offense. It is, then, impossible to misunderstand the allegation, so far as concerns the person "—— Scholl" and his relation to and distinction from the other parties named in the indictment. See *State v. Hutchinson,* 36 Me. 261, 263. And apart from any question of uncertainty, the better rule seems to be that the allegation of the defendant's spouse is unnecessary. *Davis v. Commonwealth,* 7 Atl. 194 (Penn.); 1 Cyc. 958. The omission of the whole of the spouse's name would be but a formal defect, in any event, *Davis v. Commonwealth,* supra; and the omission of the spouse's Christian name even more a formal defect, and

so within Rev. Stat., sec. 1025, providing that "no indictment found and presented by a grand jury . . . shall be deemed insufficient . . . by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." This ground of · demurrer is, therefore, overruled.

[2] In accordance with the general practice, upon the foregoing ruling, the indictments in cases No. ˙951, 952, and 954 should be dismissed and the defendants discharged. See 1 Bishop, New Crim. Proc., sec. 781 (2), citing Archb., Crim. Pl. & Ev., 14th Lond. ed. 116. But, inasmuch as it may be possible under these indictments for the government to make an election to proceed on only one of the offenses charged in the single count, and the allowance of such an election would work no injustice to the defendant, and would save the considerable expense of convening the grand jury to bring new indictments, the court will order that the indictments in cases No 951, 952, and 954 be dismissed and the defendants discharged, unless the government shall within two days file its election to proceed upon the single offense first charged in the count of the indictment. The time of the other offenses charged is laid with such uncertainty, indefiniteness, as not to justify an election to proceed upon any of them. Though no precedent has been found for this disposition of the matter, the court feels confident of its practicability and of its justice, and that it is in line with the present progressive spirit of revulsion from undue technicality in criminal cases, so strongly emphasized by Mr. Justice Day in the case of *Garland v. The State of Washington,* 232 U. S. 642, 646.