HANOVER FIRE INSURANCE COMPANY ET AL. V. MARTIN SCHELLAK ET AL.

[FILED NOVEMBER 16, 1892.]

1. **Review on Error:** MOTION FOR NEW TRIAL: OBJECTIONS TO INSTRUCTIONS to the jury must be made in the motion for a new trial, in order to have them reviewed by the supreme court.

2. **Evidence:** OBJECTIONS TO THE REJECTION of certain testimony considered and overruled.

3. **The evidence** in the case examined and considered, and held, that the damages assessed by the jury are not excessive.

4. **Sufficiency of Petition.** Held, That the petition states a cause of action.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*Bartlett, Crane & Baldrige,* for plaintiffs in error.

*Bowen & Bowen, contra.*

NORVAL, J.

Defendants in error recovered two judgments in the court below on a policy of fire insurance; one against the plaintiff in error, the Hanover Fire Insurance Company, in the sum of $2,533.33⅓, and the other against the plaintiff in error, the Citizens Insurance Company, for the sum of $1,266.66⅔. The policy was for the sum of $4,000; two-thirds of said amount being insured by the Hanover Fire Insurance Company and the other one third of said sum being insured by the Citizens Insurance Company. The property insured was a two-story frame roof brewery and a two-story tin roof stone and frame ice house and beer vault, used by the assured for brewing purposes. There was $3,000 additional insurance upon the property. The buildings were totally destroyed by fire.

Complaint is made in the petition in error, as well as the brief of counsel, of the giving of several paragraphs of the court's instructions to the jury. We are unable to review the alleged errors in the instructions for the reason no objection to the charge of the court was made in the motion for a new trial. (*Cleveland Paper Co. v. Banks*, 15 Neb., 23; *H. & G. I. R. Co. v. Ingalls*, Id., 123; *O. & R. V. R. Co. v. Walker*, 17 Id., 432; *Weir v. B. & M. R. Co.*, 19 Id., 212; *Nyce v. Shaffer*, 20 Id., 502; *O., N. & B. H. R. Co. v. O'Donnell*, 22 Id., 475; *Planck v. Bishop*, 26 Id., 593.)

It is claimed that the court erred in not permitting the witness, Theodore Bauersach, to answer the following questions propounded to him on cross-examination by plaintiffs in error:

"State when the malt house and the house extending west of it was built.

"How far is it from the south line of the original building to the north line of the malt house?"

It is contended that the purpose of these questions was to show that the policy had been invalidated by the unauthorized increase of the risk after the insurance was written, by the erection of a structure near the insured premises. There is certainly nothing in the second question, standing alone, or when read in connection with the testimony which had been previously given, which, in any manner, tended to establish that the hazard had been increased. Had the witness answered, and the same had been the most favorable to the parties complaining, we are unable to perceive how it could have thrown any light on the question in controversy. It was quite immaterial when the malthouse was erected. There is no dispute but what it was built before the policy thereon was written. If the plaintiffs in error desired to prove that the structure extending west of the malt house was built after the contract of insurance was written, they should have so framed their

question.  As the first part of the interrogatory related to an immaterial matter, the objection to the whole was properly sustained.   There is another reason why the refusing to allow the witnesses to answer these questions is not ground for reversal.   Plaintiffs in error, by pleading in their answers an arbitration between the parties of the damages sustained under the policy, in effect admit that the policy was in force at the time of the fire.

There was testimony before the jury tending to prove that there was no increase of the risk after the policy was written.   This phase of the case was submitted to them by the court upon proper instructions, and their findings ought not to be molested.   So, also, was the question of arbitration properly submitted to the jury, and their finding was against plaintiffs in error.

It is next insisted that the verdict is excessive.   We find in the record evidence tending to prove that the premises insured at the time of the fire were of the value of $8,000 or over.   There was a total destruction of the property, except the foundation, which was worth about $200.   The total insurance was $7,000, of which sum $3,000 was in companies other than the plaintiffs in error.   As the total amount of the policies did not exceed the entire loss, the jury would have been justified, under the proofs, in assessing damages against plaintiffs in error for the full amount of the policy.   True there was evidence before the jury from which they could have found that the total loss was less than $4,000, but they believed plaintiffs' witnesses on the question of value, and we are not able to say that they were not justified in doing so.

It is finally insisted that the petition does not state a cause of action, because it does not allege that the losses are unpaid.   The petition, after setting up the execution and delivery of the policy, and the total destruction of the buildings by fire, alleges that plaintiffs, by reason of said fire and the burning of said buildings, have sustained loss

in the sum of $10,000; that said fire did not occur by reason of any act or negligence or procurement of the plaintiffs or either of them, and that they have performed all the conditions of said policy to be performed by them. This was sufficient without averring that the damages had not been paid. Payment was a matter of defense to be pleaded and proved by the defendants. Plaintiffs were not required to either allege or prove that the losses had not been paid. The judgment is

AFFIRMED.

THE other judges concur.