B. L. WANZER v. STATE OF NEBRASKA.

FILED JUNE 26, 1894.  No. 5999.

1. **Assault:** SUFFICIENCY OF EVIDENCE. *Held*, Upon the examination of the record in this case, that the evidence is sufficient to sustain the conviction for the crime of assault.

2. **Criminal Law.** It is only when there is a total failure of proof in a criminal case to support a material allegation in the information, or where the testimony adduced is of so weak or doubtful a character that a conviction based thereon could not be sustained, that the trial court will be justified in directing a verdict of not guilty.

3. **Objections to instructions** not raised in the court below by the motion for a new trial will not be reviewed by this court.

4. **Instructions.** *Held,* That the instructions were based upon the evidence in the case.

5. **An assignment in a petition in error** of "error of law occurring at the trial" is insufficient to present for review the rulings of the trial court on the admission or exclusion of testimony.

ERROR to the district court for Dixon county. Tried below before NORRIS, J.

*A. G. Kingsbury* and *Jay & Beck,* for plaintiff in error.

*George H. Hastings, Attorney General,* and *J. J. McCarthy,* for the state.

NORVAL, C. J.

The county attorney filed in the court below an information charging the plaintiff in error, B. L. Wanzer, on the 3d day of March, 1892, with having made an assault upon one Sarah E. Pomeroy with intent to commit rape. At the close of the testimony the trial judge, among other instructions, charged the jury that the evidence adduced was insufficient to authorize a conviction for an assault with intent to commit rape, and that they would only consider the question whether or not the accused had committed an assault, merely, upon the prosecuting witness. A verdict was returned by the jury finding the prisoner guilty of a simple assault, and thereupon the court, after overruling a motion for a new trial, sentenced him to pay a fine of $100, and that he be imprisoned for three months in the county jail.

The first assignment of error urged by counsel for a reversal of the judgment relates to the sufficiency of the evidence to sustain a conviction, and to the consideration of which we shall now direct our attention. The prosecuting witness is a married woman, residing with her husband on a farm in Dixon county, near the town of Allen. The plaintiff in error is a physician of said town, and in January, 1892, he treated, professionally, Mrs. Pomeroy for la grippe and heart trouble. Subsequently, but prior to the month of March, he treated her for a disease peculiar to her sex. On March 3 she called at his home, being accompanied by her husband, for the purpose of obtaining further treatment for her said malady. On this occasion Mrs. Pomeroy and the doctor alone went into a bedroom, where she laid down upon the bed and the medicines were applied by him as before. There is no dispute in the evidence as to the facts already narrated, but there is a sharp conflict in the testimony as to what transpired in the bedroom on the date last stated. Mrs. Pomeroy, on her direct examination, testified in plain and unequivocal language that the doctor, after he had finished the treatment, with his pants unbuttoned and his privates exposed, got upon her; that she grabbed hold of him and pushed him and told him to get off, which he did, although he declined to go away when first urged to do so. Mrs. Pomeroy was subjected to a lengthy and rigid cross-examination, yet her testimony given in chief was not in the least shaken or impaired. It appears that within a week or ten days after the occurrence Mrs. Pomeroy related the facts to her husband, who thereupon addressed a letter to the plaintiff in error urging him to leave the country. Shortly thereafter these proceedings were commenced. Opposed to the testimony of the complaining witness is the positive and direct evidence of the plaintiff in error, denying that he assaulted Mrs. Pomeroy. The defense also called to the stand Mrs. Grace Weaver and the wife of the accused, who were in

the sitting room at the time it is alleged the assault was committed, and who testified that when the complaining witness came out of the bedroom with the doctor she was smiling, talking, and laughing, and appeared to be in the best of humor.   These witnesses are flatly contradicted by both Mr. and Mrs. Pomeroy.   There is to be found in the bill of exceptions the testimony of Frank Flynn, the stepson of the plaintiff in error, and one S. C. Van Horn, to the effect that when the Pomeroys were leaving the doctor's residence for their home on the day in question, Mrs. Pomeroy invited the doctor to bring his wife with him and make her a visit at her home.   Mrs. Pomeroy denies that any such conversation took place, and further, that Flynn and Van Horn were not present at the time the Pomeroys took their departure.   In this she was likewise corroborated by her husband.   The conflicting evidence was passed upon by the jury, and it was for them to say which witness should be believed and which ones should be discredited. The jury, by their verdict, have found that the defendant below and his witnesses were unworthy of belief.   A second perusal of the bill of exceptions convinces us that there is ample testimony to support the verdict.   We cannot express ourselves in a more fitting manner upon this branch of the case than to quote the following language from the brief of the attorney general: "Here is a man holding himself out to the world as a member of a noble and honorable profession to which none but gentlemen—and educated at that—should aspire; and to the credit of the profession be it said that but few, and those unworthy of the name, ever become oblivious or unmindful of the restraints of their position, and words are inadequate to express the loathing and contempt which all decent people entertain for a cold-blooded villain who can coolly disregard all principles of morality and the restraint of his profession, and abuse the confidence reposed in him by those who suffer and come to him for relief."

Complaint is made in the brief because the court refused to instruct the jury to acquit the accused. It is only when there is a total want of proof to support a material allegation of the information, or where the testimony in a criminal case is of so weak or doubtful a character that a conviction based thereon could not be sustained, that a court will be justified in directing a verdict of not guilty. It follows from what has already been said that this case does not fall within said rule. Moreover, the plaintiff in error is not in a position to have reviewed the refusal of the court to give to the jury his instruction to acquit, since the point is not raised either in the motion for a new trial or the petition in error. (*Hanover Fire Ins. Co. v. Schellak*, 35 Neb., 701; *Barton v. McKay*, 36 Neb., 633.)

It is insisted that the court erred in its instruction upon the question of a reasonable doubt, which is paragraph 3 of the series given by the court upon its own motion. Inasmuch as plaintiff in error failed to complain of the giving of this particular instruction in his motion for a new trial, we will not consider or pass upon the accuracy of that part of the charge.

Error is assigned in the petition in error upon the giving of the fifth instruction requested by the state. We find no such instruction in the record before us. In fact it does not appear that the state presented any request to charge. Doubtless the instruction intended is the fifth, given by the court upon its own motion, which reads as follows: "You are instructed that any man taking indecent liberties with a woman without her consent is guilty of an assault upon her, and if you believe, beyond a reasonable doubt, that upon the 3d day of March, 1892, defendant, while alone with the complaining witness, and while in the capacity of a physician, was treating her for a disease, and while so treating her took indecent liberties with her by lying upon her, that he at the time made an indecent exposure of his person before her, then you are instructed that in

·Wanzer v. State.

law he was guilty of an assault." The sole vice imputed to this instruction is that it assumed that there was evidence before the jury from which they might find that the plaintiff in error took indecent liberty with the complaining witness and that he made an indecent exposure of his person in her presence. There is absolutely no merit in the criticism upon the instruction. The charge was based upon the evidence. On pages from 6 to 8, inclusive, of the transcript may be found the evidence of Mrs. Pomeroy to the effect that the plaintiff in error had his clothes unbuttoned, that he exposed to view his privates and touched her therewith.

It is finally insisted that the judgment should be reversed because the state was permitted by the court to introduce evidence of the character of the medical treatment employed by plaintiff in error, and afterwards directing the elimination of the testimony from the record. Such practice was condemned in *Bedford v. State*, 36 Neb., 702. The point, however, sought to be presented for consideration is not raised by petition in error so as to require our taking notice of it.

The fourth assignment of error is in this language: " Error of law occurring at the trial." While such an assignment is permissible in a motion for a new trial, it is insufficient in a petition in error to present for review the rulings of the trial court on the admission or exclusion of the testimony. (*Lowe v. City of Omaha*, 33 Neb., 587.) We discover no reversible error in the record, and the judgment is therefore

AFFIRMED.