WILLIAM RUTHERFORD V. STATE OF NEBRASKA.

[FILED SEPTEMBER 15, 1891.]

1. **Peremptory challenges** to jurors are not to be exercised until the jurors have been passed for cause and twelve men are in the box.

2. ———. On the trial of one R. for felony, while the jury was being impaneled, the court made an order as follows: "The court orders the defendant to exercise his first three peremptory challenges before the panel is filled," to which exceptions were taken. *Held*, An undue exercise of power prejudicial to the accused.

ERROR to the district court for Hall county. Tried below before TIFFANY, J.

*James H. Woolley*, for plaintiff in error, cited: 4 Blackstone's Com., 352; *Lamb v. State*, 36 Wis., 427.

*William Leese, Attorney General, contra.*

MAXWELL, J.

The plaintiff in error was convicted of arson in the district court of Hall county, and sentenced to imprisonment in the penitentiary for twelve years.

The first error assigned is an order of the court, while the jury was being impaneled, as follows: "The court orders defendant to exercise his first three peremptory challenges before the panel is filled," to which exceptions were duly taken.

Section 468 of the Criminal Code provides that "the following shall be good causes for challenge to any person called as a juror on the trial of any indictment: First—That he was a member of the grand jury which found the indictment. Second—That he has formed or expressed an opinion as to the guilt or innocence of the accused; *Pro-*

*vided,* That if a juror shall state that he has formed or expressed an opinion as to the guilt or innocence of the accused, the court shall thereupon proceed to examine, on oath, such juror as to the ground of such opinion, and if it shall appear to have been founded upon reading newspaper statements, communications, comments, or reports, or upon rumor or hearsay, and not upon conversations with witnesses of the transactions or reading reports of their testimony or hearing them testify, and the juror shall say, on oath, that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence, the court, if satisfied that such juror is impartial and will render such verdict, may, in its discretion, admit such juror as competent to serve in such case.  Third—In indictments for an offense, the punishment whereof is capital, that his opinions are such as to preclude him from finding the accused guilty of an offense punishable with death.  Fourth—That he is a relation, within the fifth degree, to the person alleged to be injured or attempted to be injured, or to the person on whose complaint the prosecution was instituted, or to the defendant.  Fifth—That he has served on a petit jury which was sworn in the same cause against the same defendant, and which jury either rendered a verdict which was set aside, or was discharged after hearing the evidence. Sixth—That he has served as a juror in a civil case brought against the defendant for the same act.  Seventh—That he has been in good faith subpœnaed as a witness in the case. Eighth—That he is an habitual drunkard.  Ninth—The same challenges shall be allowed in criminal prosecutions that are allowed to parties in civil cases."

Persons called as jurors are sworn to answer questions touching their competency to sit in that particular case. If during the examination it is apparent that the person so called is biased either for or against the accused, or it appears that for any other cause he may not be able to render a fair and impartial verdict he should be excused.  The pur-

pose of these examinations is to obtain a jury that will render a verdict according to the evidence.

From the earliest history of this state the course pursued has been to call twelve men into the box as jurors, and after administering to them an oath to answer questions as to their competency, the prosecuting officer, and then the attorney for the accused, would interrogate the persons so called as to their qualification and ability to sit in that case, and objections to the competency of any of them, if sustained, were immediately followed by calling another into the box in his stead, so that at all times there were twelve men ready to be sworn as jurors should the parties signify their acceptance of them. From the first the courts have insisted upon fair jurors.

In *Curry v. State*, 4 Neb., 548, 549, LAKE, Ch. J., says in speaking of the ground of challenge, " Where the ground of challenge is the foundation or expression of an opinion by the jurors, before the court can exercise any discretion as to his retention upon the panel, it must be shown by an examination of the juror on his oath, not only that his opinion was formed solely in the manner stated in this proviso, but in addition to this the juror must swear unequivocally ' that he feels able, notwithstanding such opinion to render an impartial verdict upon the law and the evidence.' If he express the least doubt of his ability to to do so, he should not, in the face of a challenge for cause, be retained. And even where, by his formal answers, the juror brings himself within the letter of the statutory qualification, if the court should discover the least symptom of prejudice or unfairness or an evident desire to sit in the case, he should, in justice both to the state and the accused, be rejected."

When the challenges for cause are exhausted and a full jury obtained, then the statute provides for the exercise of peremptory challenges. The purpose of the law is still further to guard the rights of the accused and the state.

Rutherford v. State.

The mere circumstance that a juror has been interrogated closely by searching questions by the attorney for either party, may excite in his mind a feeling of resentment against the challenging party that will continue during the trial and longer. Every lawyer of extended experience knows that such cases are not of unfrequent occurrence, and the only safety of even an innocent party against a man of vindictive disposition, whose ill-will has been incurred, is to excuse him from the jury. It must be a bad case, indeed, where it is necessary for the state, by an undue advantage, in effect to pack a jury by retaining objectionable persons thereon, against the protests of the accused. The constitution guarantees every person a fair trial before an impartial jury, and a jury of that kind can only be obtained by a full opportunity to reject such persons as are deemed objectionable and selecting, as far as possible, fair-minded, unbiased jurors. This purpose will be promoted by deferring the exercise of peremptory challenges until challenges for cause are exhausted; and until such challenges have been made there is no authority to challenge peremptorily. The plaintiff in error exhausted his remaining peremptory challenges and was deprived of three to which he was entitled.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.