## THE PEOPLE v. JEROME D. HAMILTON.

; 101　87
d116　276

*Liquor　traffic— Local　option— Sale · by　druggist — Information—
Duplicity.*

1. 3 How. Stat. § 2283c6, absolutely prohibits the sale of spirituous liquor by a druggist to a person who is in the habit of getting intoxicated, whether to be used as a beverage or not.[1]

2. Each sale of spirituous liquor to a person in the habit of getting intoxicated is, under our statute, a separate offense, and an information which charges the respondent in the same count with making such a sale on a certain day, and on divers days and times between that day and a later day, is bad for duplicity.[2]

Exceptions before judgment from Van Buren. (Buck, J.) Submitted on briefs April 25, 1894. Decided June 16, 1894.

Respondent, a druggist, was convicted of selling liquor to a person in the habit of getting intoxicated. Convic-

---

[1] The respondent was prosecuted under the local option law. For cases fixing the *status* of druggists in such counties, see note to *People v. Ingraham,* 100 Mich. 580.

[2] See *People v. Keefer,* 97 Mich. 15, holding that an information which charges the respondent in the same count with a sale of liquor to a specified person, and with keeping a saloon where intoxicating liquors are sold and furnished as a beverage, in violation of the provisions of the local option law, is bad for duplicity.

tion reversed, and respondent discharged.    The facts are stated in the opinion.

*Mills, Osborn & Cavanaugh,* for respondent.

*A. A. Ellis,* Attorney General, and *Lincoln H. Titus,* Prosecuting Attorney, for the people.

McGRATH, C. J.    The information charges that on the 1st day of March, 1893, and on divers days and times between that day and the 7th day of May, 1893, respondent did sell and furnish to one Bryant certain quantities of spirituous liquors, aggregating in amount, between said dates, three gallons and three quarts of whisky, the said Bryant being then and there a person in the habit of getting intoxicated, and respondent being then and there a druggist and registered pharmacist.

It is contended that the information does not allege that the liquor was sold to be used as a beverage.    The statute prohibits a sale to a minor, except for medicinal or mechanical purposes, on the written order of the parent or guardian of such minor, or to any adult person whatever who is at the time intoxicated, or to any person in the habit of getting intoxicated, or to any person when forbidden, etc., or to any other person to be used as a beverage.[1] Under this statute, a sale to a person who is at the time intoxicated, or to a person who is in the habit of getting intoxicated, is absolutely prohibited, whether to be used as a beverage or not.

The objection that the information is bad for duplicity is well taken.    Each sale to a person in the habit of becoming intoxicated is, under our statute, a separate offense, and, as the offense is not of a continuing character, we do not think that the *continuando* can be rejected as

---

[1] 3 How. Stat. § 2283c6.

surplusage.  *State v. Temple,* 38 Vt. 37; *State v. Pischel,* 16 Neb. 490, 608.

The conviction must therefore be set aside, and the respondent discharged.

The other Justices concurred.