STATE OF NEBRASKA V. THOMAS DENNISON ET AL.

FILED MAY 2, 1900. No. 11,197.

1. **Criminal Pleading**: INFORMATION: DUPLICITY. An information is bad for duplicity which charges in a single count that on a certain date and on divers days between that and a subsequent date, the defendant did publicly and privately open, set on foot and carry on a lottery. The offense is not a continuing one, but each day the lottery is carried on constitutes a separate and distinct crime.

2. **Amendment of Criminal Pleading**: DEFECT IN RECORD. This court can not review the decision of the district court in refusing the county attorney permission to file an amended information in a criminal cause where such proposed amended information is not before us.

3. **District Court as Examining Magistrate**: JUDICIAL DISCRETION. It is discretionary with the district court whether it will sit as an examining magistrate, and its ruling in that regard will not be disturbed where no abuse is shown.

ERROR to the district court for Douglas county. Tried below before BAKER, J. *Exceptions overruled.*

*George W. Shields* and *I. J. Dunn*, for the state.

*Ed P. Smith* and *John A. Sheean*, contra.

NORVAL, C. J.

In the district court of Douglas county the county attorney filed an information against Thomas Dennison and John Dennison, charging them with having committed an offense under section 224 of the Criminal Code of this state. That particular portion of the information on which this court is asked to pass judgment is as follows: "That on the 16th day of January, in the year of our Lord one thousand eight hundred and ninety-nine, and on divers days between the said 16th day of January, 1899, and the 26th day of Jaunary, 1899, Thomas Dennison and John Dennison, late of the county of Douglas aforesaid, in the county of Douglas and state of Nebraska aforesaid, they then and there being in said county, did then and there unlawfully for gain, open, set on foot, carry on, promote, make and draw, publicly and privately, a lottery and scheme of chance known as and called policy, for various sums of money, with intent then and there to make said drawing and disposal of said money dependent upon chance by numbers; contrary to the form of the statute," etc. Defendants filed a motion to quash this information, on the ground that more than one crime is charged in the same count. This motion was sustained,

whereupon the state asked permission of the court to file a new information, which request was overruled. So far as the record shows, no new information was tendered to the court. The state then moved the court to proceed with a preliminary examination, to determine whether there was probable cause upon which to hold defendants to the next term of court, which motion was overruled, the reason being, as the record recites, that the court could not, on account of pressure of business, at that time proceed with a preliminary hearing, and for the further reason that such a hearing would be unnecessary for the purposes of detaining defendants, and that one could be better had before a magistrate upon a new and sufficient complaint. It is further recited that, should the court proceed upon a preliminary hearing, it would have to be done upon some charge or complaint, and if upon the information, it could not be had because it had been quashed, and not upon the complaint filed before the committing magistrate in this case, because that, like the information, was subject to the same objections that had been urged and sustained as to the latter.

The state comes to this court on exceptions, contending that three prejudicial errors were committed in the rulings above mentioned, viz.: First, in quashing the information; second, in refusing to allow the state to file an amended information; third, in declining to proceed with the examination of defendants to determine whether there was probable cause to hold them to answer at the next term of the district court. The lower court did not err in sustaining the motion to quash the information. It is alleged that the defendants committed the crime charged on a certain day, and on divers other days between that and a subsequent date. This is not a continuing offense, like adultery, but under section 224 of the Criminal Code each day a lottery was carried on a separate crime was committed. *State v. Pischel*, 16 Nebr., 490; *Smith v. State*, 32 Nebr., 105; *Wendell v. State*, 46 Nebr., 823; *Barnhouse v. State*, 31 Ohio St., 39; *State v.*

*Temple,* 38 Vt., 37; *People v. Hamilton,* 101 Mich., 87.   The information in the respect stated was bad for duplicity, and the motion to quash was properly sustained.

It is also argued that the information is bad because it charged in a single count at least two separate and distinct offenses as having been committed on each day mentioned in the information.   This point is well taken. Section 224 of the Criminal Code declares: "If any person shall open, set on foot, carry on, promote, make, or draw, publicly, or privately, any lottery, or scheme of chance," he shall upon conviction be liable for the penalty prescribed by the section.   The doing of the forbidden act or acts either publicly or privately is made an offense. It will be observed that the information, in a single count, alleges that the defendants did "open, set on foot, carry on, promote, make and draw, publicly and privately, a lottery and scheme of chance."   It being charged in the same count that the defendants carried on a lottery and made drawing both publicly and privately, the information was bad for duplicity.

We can not pass upon the question as to whether the court erred in refusing to permit the state to file a new information, since the record does not show that a new one was tendered, and as we can not know but what a new information may have contained the same defects, or others equally fatal, it is impossible for us to determine whether the court erred in that respect or not, and that point will therefore not be considered.

It is discretionary with a district court whether it will sit as a committing magistrate or not.   As the record appears, we do not believe that the lower court abused its discretion in refusing to sit.   The reasons for such refusal seem amply sufficient.

EXCEPTIONS OVERRULED.