[No. 6945.]

The Rio Grande Southern Railroad Company v. Camp-
BELL.

Evidence—*Competency—Testimony of Witness at Former Trial*—
The testimony given by a witness at a former trial, though formally
preserved in a bill of exceptions, is not admissible upon a second trial,
merely upon the ground that the witness has forgotten the facts to
which he formally testified, the witness being present, apparently in
firm health, of sound mind, and his lack of memory not attributable
to disease or old age.

*Appeal from La Plata District Court*—Hon.
Charles A. Pike, Judge.

Mr. E. N. Clark, for appellant.

Mr. Thomas B. Stuart, Mr. Charles A. Murray,
Mr. Charles A. Johnson, for appellee.

Mr. Justice Garrigues delivered the opinion of the
court.

1.   June 8, 1901, plaintiff Samuel M. Campbell was
injured while coupling cars in a train upon which he was
braking, and brought this suit against the railroad
company to recover damages upon the ground that its
negligence caused the accident.   The trial of the case in
March, 1904, resulted in a verdict for plaintiff, which
on appeal was reversed, and the cause remanded for a
new trial.   See *R. C. S. R. R. Co. v. Campbell,* 44 Colo.
1.   A trial in April, 1909, resulted in another verdict
against the company, and it brings the case here on
appeal.   The testimony of one Fred Weller, a material
witness for the plaintiff on the first trial, was taken by
the official reporter, extended and preserved by bill of
exceptions.   He was called as a witness by the plaintiff
on the second trial, at which time he was a young man
apparently of sound mind and in good bodily health.   In
his examination in chief, plaintiff offered in evidence all

of his testimony given on the former trial, preserved by the bill of exceptions, on the ground that the witness said he did not remember the facts to which he had formerly testified. The court permitted this evidence, preserved by the bill of exceptions, to be read to the jury over the objections of the defendant, and the question presented is whether this was reversible error.

2. In 2 Wigmore on Evidence, Sec. 1415, it is said: "No one has ever doubted that the former testimony of a witness cannot be used if the witness is still available for the purpose of testifying at the present trial." What Weller said on the first trial was hearsay on the second trial, and could not be introduced as substantive testimony by the party calling him, unless it came within some well established exception to the rule regarding hearsay evidence. Merely because it was given at a former trial of the same case involving the same issues, and between the same parties, where the witness was cross-examined, did not make it admissible as his evidence on this trial. Instead of plaintiff making his case by evidence given on this trial, he was permitted to do so by evidence given at another trial. Weller's testimony for the party calling him, was what he said on this trial of the case, and not what he said on the former trial unless for some good reason his evidence on the former trial was allowed to become his evidence on this trial, which by analogy would be similar to his deposition. This could only be done under some established exception to the rule regarding hearsay testimony. We therefore turn to the exceptions to the rule for the authority to admit this evidence. Authority may be found for holding that testimony properly preserved and authenticated, given at a former trial where there has been ample opportunity to cross examine the witness, may be used at the subsequent trial of the same case between the same parties in cases where the witness is dead, when the

witness is absent from the jurisdiction of, or out of reach of the court's process, when the party has been unable after diligent search to find the witness, or where his absence is on account of the procurement of the opponent, where the witness is so sick he cannot attend, where the witnss is insane, where the witness has suffered loss of memory by disease or old age, where the witness is disqualified from testifying by reason of interest, infamy or the like, and for certain kinds of testimony where the witness is blind.—1 Greenleaf on Ev. 16 ed. § 163g; 2 Wigmore on Ev., §§ 1401 to 1418 inclusive.

Some, though not all of these exceptions have been recognized by us. *Young v. People,* 54 Colo. 293, 130 Pac. 1011. Without committing this court to all the exceptions mentioned, it is sufficient in this case to say that it comes within none of them. Weller was not dead. He was within the jurisdiction of the court and subject to its process, and was in fact present in court, called and sworn by the party desiring and offering his evidence. So far as the evidence discloses he was a young man about 26 or 28 years of age, in good health, and sane. His loss or pretended loss of memory was not due to disease or old age, he had no apparent interest in the litigation or its result, and nothing was disclosed that disqualified him from testifying. It is well established that a party to a litigation has a right to be confronted in court with, and to cross examine his opponent's witnesses in the presence of the jury. Evidence in the nature of a deposition read to the jury might leave an entirely different impression upon their minds than an oral examination in their presence. It would establish a dangerous precedent to allow the testimony of a witness given at a former trial, to be introduced as his evidence at a subsequent trial, merely because he said he had forgotten the transaction and his former testimony. It is possible the testimony on the first trial might be

false, and that there was then no known way of breaking it down on cross examination; but before the second trial its falsity might be discovered and the witness not dare to testify as he had on the first trial, and to escape embarrassment, he could conveniently say he had forgotten the transaction, which would make his former evidence admissible. Because the witness said he had no recollection, was not sufficient to create a new exception to the established rule regarding hearsay evidence. While it might in some cases work a hardship and be a great disappointment to a party calling a witness for him not to testify as expected or as he had theretofore done, it is not a sufficient reason for the admission of his former evidence. To create such a precedent we think would work far greater harm to the public than the inconvenience to a litigant in some particular case. The court in *Velott v. Lewis,* 102 Pa. St. 326, correctly stated the rule when it said in that case: "The witness but failed to recollect what he had previously sworn to, but if this were enough to admit the notes of a former trial, we might as well abandon original testimony altogether, and supply it with previous notes and depositions. It would certainly be an excellent way to avoid the contradiction of a doubtful witness, for he could always be thus led to the exact words of his former evidence." In *Stein v. Swensen,* 46 Minn. 360, 49 W. 55, 24 Am. St. Rep. 234, it is said: "When failure of memory amounts to mental imbecility, the witness is as one dead or insane, and, as his testimony cannot then be taken, his testimony upon a former trial of the same issues between the same parties, may be resorted to. To admit it in any less case would continually present the question, what degree of forgetfulness shall be required." See also, *Wells v. Drayton,* 1 Nott & Mc. (S. C.) 409, 9 Am. Dec. 718, and *Robinson v. Gilmore,* 43 N. H. 295.

The judgment will be reversed and the cause remanded.

*Reversed.*

Decision *en banc.*

Mr. Justice Hill not participating.

Gabbert, Justice.

In my opinion there are additional reasons why the judgment of the district court should be reversed. The testimony of plaintiff at former trial was reviewed in 44 Colorado. It was there stated, after quoting his testimony, that according to his own statement it stood admitted that the impact of the cars was not of sufficient force to cause the draw-heads to turn down. This was an important feature of the case in view of the fact that one of the claims on the part of plaintiff was that defective condition of the locomotive made it impossible for the engineer to properly control its movements, and that these defects caused the locomotive to suddenly increase the speed of the cars which caused them to come together with such force as to turn down the draw-heads and draw-bars. At the second trial his testimony was so changed as to create the impression that the injury to these appliances was caused by the severity of the impact when the cars came together. A party to an action should not be permitted to change his testimony at a second trial so as to avoid rulings of a court of review of a former, when by so doing the theory of his case is so changed that the conclusion is inevitable that one or the other of his statements is untrue. Such a change, unless in some way satisfactorily explained, should not be permitted. when thereby a recovery may be based upon a state of facts which according to his testimony previously given did not exist. No such explanation was given.

It is contended, however, that the testimony of plaintiff on the subject was substantially the same at both trials. If this be true, then it must appear from his testimony that the alleged defects in the locomotive did not in any manner contribute to his injury. Conceding, then, that there is no material change in his testimony on the subject under consideration it was error to submit to the jury, as stated in our former opinion an issue of fact which was not in the case, by advising them to the effect that if the evidence disclosed negligence on the part of the defendant by operating the train upon which plaintiff was employed with a defective locomotive which caused his injury without fault on his part, he would be entitled to recover.

The trial court also committed prejudicial error in admitting testimony on the part of plaintiff to establish the alleged defective condition of the locomotive, when that question was not involved, if, as claimed by counsel for plaintiff, his testimony at the second trial with respect to the cause of his injury was substantially the same as at the first.

Instruction No. 3 was to the effect that it was the duty of defendant to provide reasonably safe and suitable cars, draw-heads, draw-bars and coupling appliances. This language is condemned by many authorities upon the ground that thereby the duty of the employer as thus defined is absolute, when the correct rule is he is only required to exercise due and reasonable care to provide reasonably safe and suitable appliances for the use of his employees.