AL MATHES v. STATE OF NEBRASKA.

FILED NOVEMBER 26, 1921. No. 21955.

Jury: PEREMPTORY CHALLENGES. The rule is that peremptory challenges are not to be exercised until the jurors have been passed for cause and twelve persons are in the jury-box having the qualifications of jurors.

ERROR to the district court for Harlan county: LEWIS H. BLACKLEDGE, JUDGE. *Reversed.*

*J. G. Thompson,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Jackson B. Chase, contra.*

Heard before MORRISSEY, C. J., ALDRICH, DAY, DEAN, FLANSBURG, LETTON and ROSE, JJ.

DEAN, J.

The plaintiff in error was convicted under section 8630, Rev. St. 1913, of feloniously receiving goods alleged to have been stolen. The jury fixed the value at $35. From an indeterminate sentence in the penitentiary, of from one to seven years, defendant has brought the case here for review.

The assignment of error upon which defendant mainly relies has to do with the court's ruling with respect to the peremptory challenges as provided by statute. Rev. St. 1913, sec. 9108, as amended, Laws 1915, ch. 166. When the examination for cause was concluded and there re-

mained twelve jurors in the box, the defendant exercised his first peremptory challenge. Thereupon he moved that another juror be called into the box to take his place and that such juror, so called, be examined for cause before the exercise of another peremptory challenge. The motion was overruled, the court holding that the parties should exhaust their respective peremptory challenges "against those jurors who are now in the box, whereupon the box will be filled with talesmen or other jurors."

In the trial of a person accused of committing a felony the exercise of peremptory challenges, as they relate to the present case, is governed by section 9108, Rev. St. 1913, as amended, Laws 1915, ch. 166. The rule that is applicable here, and to which we adhere, was announced in *Rutherford v. State,* 32 Neb. 714. In that case, in an opinion by Maxwell, J., it was held that peremptory challenges are not to be exercised until the jurors have been passed for cause and twelve men are in the box. To hold otherwise is there said to be an undue exercise of power prejudicial to the accused.

In *Hooker v. State,* 4 Ohio, 348, the reason for the application of the rule is well stated:

"The question is, whether this right of peremptory challenge may not be reserved, by the party accused, until after he has made all his challenges for cause. Prejudices often exist, for which no cause can be assigned. The personal appearance of an individual often creates the most unaccountable prejudices. The mere challenge, for cause, may provoke resentment, if the reason assigned prove insufficient to set aside the juror. The trial of a juror, challenged for cause, may excite a prejudice, which does not amount to a legal disqualification, but to the influence of which, the party accused ought not to be compelled to submit. For these reasons, the law has wisely provided that the right of the peremptory challenge ought to be held open, for the latest possible period, to-wit, up to the actual swearing of the jury." 24 Cyc. (f.) 250.

Defendant contends that the evidence does not support

the verdict. The evidence is not altogether satisfactory; but, in view of the fact that the judgment must be reversed on another ground, we do not find it necessary to pass on that question.

In view of the error pointed out, with respect to the exercise of peremptory challenges, the judgment must be, and it hereby is,

REVERSED.