Smith v. State.

---

OSCAR F. SMITH V. STATE OF NEBRASKA.

FILED DECEMBER 31, 1923. No. 23236.

1. Criminal Law: SEPARATION OF JURY: DISCRETION OF COURT. Whether, during the trial of a criminal case, the jury shall be allowed to separate, after being duly cautioned, is a matter for the discretion of the trial court, and the exercise of such discretion, unless abuse or prejudice is shown, furnishes no ground for error.

2. ———: CONSPIRACY: EVIDENCE: STATEMENTS OF CO-CONSPIRATORS. When the state has produced evidence tending to show a conspiracy to commit a crime, statements and acts of any one of

the conspirators pending the accomplishment of the common plan are evidence against the others.

3.  Evidence examined, and *held* sufficient to sustain the verdict.

ERROR to the district court for Lancaster county: WILLARD E. STEWART, JUDGE.  *Affirmed.*

*T. S. Allen* and *E. G. Maggi,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman, contra.*

Heard before MORRISSEY, C. J., ROSE and GOOD. JJ., REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

Plaintiff in error; defendant, was convicted of the crime of grand larceny, in the robbing of an oil station September 6, 1920, and sentenced to the penitentiary for one to seven years, and brings the record here for review.

The first assignment of error is that the court permitted the jury to separate after the evidence was all in and arguments of counsel made, and before giving instructions, which was done the next morning.  The record shows that the jury were duly admonished before being excused, and that the court immediately and without the transaction of other business adjourned until 9 o'clock the next morning when the instructions were duly given.  No objection was made nor exception taken by defendant to this proceeding, and no prejudice is shown to have resulted therefrom. Whether the jury should be allowed to separate during the trial of a criminal case rests in the sound discretion of the court, and the record fails to show any facts warranting this court in finding that the discretion was abused in this case.

It is next urged that the verdict is not sustained by sufficient evidence.  The defendant was charged jointly with one Balderson, but upon his application was granted a separate trial.  The only direct evidence offered by the state connecting defendant with the crime was by an accomplice,

Howell, to the effect that defendant stood guard while witness and Balderson entered the station and took the money from the safe by the use of the combination furnished by Howell, a former employee at the station ; that the crime was executed in accordance with a plan formed earlier in the evening. It was further shown that defendant first became acquainted with Balderson about September 1, 1920, and they were in the garage business together in the winter after the larceny until March, 1921, during which period he knew Howell. Miss Heinschel, who was arrested and detained as having some knowledge of the crime, testified that Balderson and defendant came out for her in an automobile when she was released from the detention home a little over a month after the crime was committed.

The defendant denied all connection with the crime and sought to establish an alibi, but the evidence did not cover the time when the crime was committed.

The questions of fact were for the jury, and while the character of the state's witnesses was not all that might be desired, if the jury believed the testimony of Howell in preference to that of defendant, it was sufficient to sustain the verdict.

It is further urged that the court erred in receiving in evidence conversations between Howell and Balderson and Balderson and Miss Heinschel prior to the crime, tending to connect Smith. The state having produced evidence of the existence of a conspiracy or common plan between the three persons to rob the oil station, the acts and statements of each party looking toward the carrying out of the plan were competent against the others. *Lamb v. State,* 69 Neb. 212; *O'Brien v. State,* 69 Neb. 691.

Objections are made to two instructions, but we find them without merit.

AFFIRMED.