RAY MEYERS V. STATE OF NEBRASKA.

FILED MAY 8, 1924. No. 23783.

1. **Criminal Law: EVIDENCE: ADMISSIBILITY.** Where a witness in a criminal case has been previously examined in open court, with the opportunity for cross-examination, and such witness cannot be procured for examination upon a second trial of the same case, the evidence so given upon the former trial may be used on the second trial.

2. ———: **ABSENT WITNESS: SHOWING.** In such case, it must

affirmatively appear that the personal attendance of the witness at the trial cannot be had.

3. ———: ———: ———: DISCRETION OF COURT. Whether a sufficient showing has been made that the personal attendance of a witness who had testified upon a former trial could not be procured rests in the sound discretion of the trial court, and his ruling thereon will not be interfered with upon appeal, unless an abuse of such discretion affirmatively appears.

4. ———: ———: OATH: PRESUMPTION. Proof that an absent witness was a witness upon a former trial, and gave testimony therein, justifies the inference that such witness was duly sworn as such.

5. Witnesses: IMPEACHMENT. Before a witness, not a party to the suit, can be impeached by proof that he has made statements contradicting or differing from the testimony given by him upon the stand, a foundation must be laid by interrogating the witness himself as to whether he has ever made such statements.

6. Evidence examined, and *held* sufficient to sustain the verdict and judgment of the trial court.

ERROR to the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*R. C. James* and *John C. Mullen,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *George W. Ayres, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DAY and GOOD, JJ., and REDICK, District Judge.

DAY, J.

Ray Meyers, the defendant, was convicted in the district court for Richardson county, upon a charge of unlawfully selling intoxicating liquor to one A. C. Nolan. It being his second offense, he was sentenced to 90 days in the county jail. To reverse this judgment, he has brought the record of his conviction to this court for review.

The complaint was originally filed before a justice of the peace. A trial was had on April 14, 1923, wherein the defendant was found guilty, and sentenced to 90 days in the

county jail.   From the judgment in the justice court, de-
fendant appealed to the district court.

It appears that upon the trial before the justice of the
peace, the principal witnesses as to the sale of intoxicating
liquors by the defendant were A. C. Nolan and L. R. Friend.
Nolan testified to the actual purchase of the intoxicating
liquors from the defendant.   Friend testified to circum-
stances strongly corroborating Nolan.   Among other things,
Friend testified that when Nolan entered the defendant's
house he had no liquor in his possession; that when he
came out he had the bottles of liquor in his possession,
which a moment later were seized by the officers, when No-
lan and Friend were arrested in front of defendant's house.
When the case was reached for trial in the district court,
Nolan and Friend could not be found and their whereabouts
were unknown.   Under these circumstances, upon proof
being offered that Nolan and Friend could not be found,
the trial court permitted Charles Fellers, a police officer,
A. R. Young, sheriff of Richardson county, A. S. Smith,
deputy sheriff, and John D. Spragins, the justice of the
peace before whom the defendant was tried, all of whom
were present at the trial, to testify concerning the testi-
mony given by Nolan and Friend before the justice of the
peace.

It is urged by the defendant that the court erred in per-
mitting the above named witnesses to testify on behalf of
the state.   The rule is well settled in this state that where
a witness in a criminal case has been previously examined
in open court, with the opportunity for cross-examination,
and such witness cannot be procured for examination upon
a second trial of the same case, the evidence so given upon
the former trial may be used on the second trial.   In con-
sidering a case involving this principle, in *Koenigstein v.
State,* 103 Neb. 580, the court used this language: "When a
witness has been previously examined in open court with
the opportunity for cross-examination, which has been
fully availed of, and the witness cannot be procured for ex-
amination at the second trial, the evidence so given upon a

former trial for the same offense may be used on the second trial." This statement of the law was entirely correct in view of the facts in the case then under consideration. The phrase, "which has been fully availed of," in the above quotation was not intended to be a necessary element to be established before evidence otherwise competent could be introduced. The admissibility of evidence of this character does not turn upon the point whether the party cross-examined the witness. An oportunity for cross-examination is all that the law requires. The cross-examination may be waived by the party. The record here is silent as to whether the defendant upon the first trial was represented by counsel, or whether he examined the witnesses Nolan and Friend upon that occasion. The defendant was present, however, and testified in his own behalf. In the absence of a showing that he was denied an opportunity to cross-examine the witnesses, it will be presumed that he had such opportunity.

The defendant makes the further objection that the record does not sufficiently show that the personal attendance of Nolan and Friend at the trial could not be had. The record shows, however, that Friend had left the state; that he wrote a letter from Powhattan, Kansas, stating that he would return when wanted; that shortly before the case was reached for trial the officers communicated with his relatives at Powhattan, and ascertained that he had left there, and that his address was unknown. Other efforts to locate Friend were unavailing. The record shows that Nolan left in the nighttime, a few days prior to the sitting of the court; that the circumstances surrounding his flight indicated that he did not intend to return; that he was traced as far as Omaha; that telegraph and telephone messages to places where he might reasonably be expected to go failed to reveal his whereabouts. We think this showing was sufficient to warrant the court in permitting the witnesses to testify. Whether a sufficient showing was made to permit the use of secondary evidence was a matter largely within the discretion of the trial court, and its rul-

ing will not be interfered with upon an appeal, unless an abuse of discretion is affirmatively shown. *Koenigstein v. State,* 103 Neb. 580.

It is next urged that the court erred in permitting the evidence of the several witnesses, above named, to go to the jury, because it was not shown that Nolan and Friend were sworn before testifying in the justice court. It may well be doubted whether the objections urged at the time the evidence was offered were broad enough to challenge the attention of the trial court to the question now raised. While it is true that no witnesses testified that Nolan and Friend were sworn before giving their testimony in the justice court, we are of the view that the record is sufficient to justify the inference that they were duly sworn. The witnesses called in the district court on this phase of the case testified that they "heard the testimony" given by Nolan and Friend before the justice; that Nolan and Friend "testified" as related by the witnesses. The terms "testimony" and "testified" refer to statements made under oath in a legal proceeding. In *Poe v. State,* 95 Ark. 172, it was held: "Proof that an absent witness was a witness at the examining trial and gave testimony therein justifies the inference that such witness was duly sworn as such." No one testified that the witnesses Nolan and Friend were not sworn before testifying in the justice court.

The defendant further contends that the court erred in excluding the testimony of John Jones. The defendant offered to prove by this witness that after the trial in justice court Nolan told Jones that he did not buy the liquor from the defendant. The ruling of the court in excluding this testimony was based upon the theory that no proper foundation had been laid to impeach Nolan's testimony. The rule is stated in *Mattox v. United States,* 156 U. S. 237, as follows: "Before a witness can be impeached by proof that he has made statements contradicting or differing from the testimony given by him upon the stand, a foundation must be laid by interrogating the witness himself as to whether he has ever made such statements." No effort was

made to lay a foundation for the introduction of Jones's testimony.   Under this rule, the action of the trial court was clearly right.   A valuable discussion involving this rule may be found in *Mattox v. United States,* 156 U. S. 237.

Other objections are urged by the defendant relating to the introduction of other evidence, and the instructions of the court, which we have considered.   We deem it unnecessary to prolong this opinion with a discussion of these objections.   In our opinion the rulings of the court in this regard were not prejudicial to the defendant's rights.   The question of the sufficiency of the evidence was wholly for the consideration of the jury.

Upon the entire record, we find no reversible error, and the judgment is, therefore,

AFFIRMED.

Note—See Criminal Law, 16 C. J. p. 757, sec. 1557; 17 C. J. p. 240, sec. 3581—Witnesses, 40 Cyc. p. 2719.