BEN DOLEN, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

36 N. W. 2d 566

Filed April 1, 1949. No. 32548.

*Jack Hayward* and *L. R. Doyle*, for plaintiff in error.

*James H. Anderson*, Attorney General and *Homer L. Kyle*, for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

The plaintiff in error, Ben Dolen, hereafter referred to as defendant, was convicted of the crime of receiving stolen property, and sentenced to imprisonment in the penitentiary. Defendant brings error proceedings to this court.

This case was previously before this court and is reported in 148 Neb. 317, 27 N. W. 2d 264. We reversed the judgment and remanded the cause for further proceedings for the reason that the trial court abused his judicial discretion in failing to grant a continuance to allow defense counsel sufficient time to prepare for trial and to obtain the presence of an absent witness material to the defense.

It appears from the record that during the night of February 3, 1946, a retail liquor store in the city of Lincoln was broken into, entered, and robbed of certain merchandise by two men who later turned out to

be Lew Wilson and Rollin Curtiss. They took this stolen merchandise to a house in West Lincoln where it was stored in the basement with the consent of the lessee, the lessee having no knowledge of the nature of the stolen property or that it was stolen. The defendant is alleged to have received the stolen property at that place and to have paid the men in part for it, and arranged to pay more at a later time. Subsequently Wilson and Curtiss were apprehended and charged with the crime of burglary, and each entered their separate pleas of guilty to such crime and were sentenced to the penitentiary. It appears that each of these self-confessed burglars had been previously tried and convicted of felonies for which they served terms in the penitentiary.

The official court reporter who had taken stenographic notes of the testimony of both Wilson and Curtiss at the first trial of this case, transcribed certain portions of such testimony given by these witnesses at that trial and made the same into an exhibit for use by the State in the examination of these two witnesses at the second trial, or the instant case.

Lew Wilson and Rollin Curtiss were both present at the instant trial, were sworn, and testified. The county attorney used the exhibit containing the testimony of these witnesses in the first trial in examining them. Their testimony at the instant trial was to the effect that all they knew about the burglary was what appeared in the transcript of the evidence taken in the first trial which was furnished to them by the county attorney to read. They did not remember any of the facts or events leading up to the breaking and entering, or the taking of any of the property from the store, or what happened thereafter, and had no personal or independent recollection of any of the events with reference to the burglary, or remembered any facts connected therewith. One of these witnesses testified that he drank heavily of intoxicating liquor before the burglary and did not remember anything with reference to it. The other testi-

fied he was addicted to the excessive use of intoxicating liquor and for some time while incarcerated in the penitentiary was under the care of a physician for treatment of his condition, and had no personal or independent recollection of any of the events or facts with reference to the burglary. These two witnesses testified that they did not remember any transaction had with the defendant as to the purchasing of the merchandise from them, or that they saw him or were at the house in question where the stolen merchandise was stored.

The State relies on the cases of Koenigstein v. State, 103 Neb. 580, 173 N. W. 603; Brunke v. State, 105 Neb. 343, 180 N. W. 560; Meyers v. State, 112 Neb. 149, 198 N. W. 871; Trobough v. State, 122 Neb. 7, 238 N. W. 771; and Jackson v. State, 133 Neb. 786, 277 N. W. 92, to the following effect: Where the witness has previously been examined in open court with opportunity for cross-examination which has been fully availed of and the witness cannot be produced for examination at the second trial or because of mental or physical disability is unable to testify, his evidence, given at a former trial for the same offense, may be used at the second trial.

The State argues that the mental disability of these two witnesses produced by chronic alcoholism places them in a position where they are unable to testify with any degree of competency, and, therefore their evidence given at the first trial should be admitted upon the second trial. We are not in accord with the State's contention and argument in such respect. There is nothing in the record to show that these two witnesses were insane, or had become senile by virtue of old age and infirmity, or were incompetent in a manner to testify.

"No one has ever doubted that the *former testimony* of a witness cannot be used if the witness is *still available* for the purpose of testifying at the present trial." 5 Wigmore on Evidence (3 ed.), § 1415, p. 191.

What Lew Wilson and Rollin Curtiss testified to on the first trial was hearsay on the second trial, and could

not be introduced as substantive testimony by the party calling them, unless it came within some well-established exception to the rule regarding hearsay evidence. Merely because it was given at a former trial of the same case involving the same issues, and between the same parties, where the witnesses were cross-examined, did not make their testimony admissible as their evidence on this trial. Instead of the State making its case by evidence given on this trial, the State was permitted to do so by evidence given at another trial. The testimony of Wilson and Curtiss in behalf of the State which called them, was what they said on this trial of the case, and not what they said on the former trial unless for some good reason their testimony on the former trial was allowed to become their evidence on this trial. This could only be done under some established exception to the rule regarding hearsay testimony. We therefore turn to the exceptions to the rule for the authority to admit this evidence. Authority may be found for holding that testimony properly preserved and authenticated, given at a former trial where there has been ample opportunity to cross-examine the witness, may be used at the subsequent trial of the same case between the same parties in cases where the witness is dead, when the witness is absent from the jurisdiction of, or out of reach of the court's process, or where the witness is absent on account of the procurement of the opponent, where the witness is so sick he cannot attend, where the witness is insane, or where the witness has suffered loss of memory by disease or old age. Without committing this court to all the exceptions mentioned, it is sufficient in this case to say that the evidence given by these two witnesses at the former trial comes within none of the exceptions to the hearsay rule as heretofore mentioned. The two witnesses, Wilson and Curtiss, were present in court, sworn, and testified at the present trial. See Rio Grande Southern R. R. Co. v. Campbell, 55 Colo. 493, 136 P. 68, Ann. Cas. 1914C 573.

As stated in Velott v. Lewis, 102 Pa. 326: "He but failed to recollect what he had previously sworn to, but if this were enough to admit the notes of a former trial, we might as well abandon original testimony altogether, and supply it with previous notes and depositions. It would certainly be an excellent way to avoid the contradiction of a doubtful witness, for he could always be thus led to the exact words of his former evidence."

In Stein v. Swensen, 46 Minn. 360, 49 N. W. 55, 24 Am. S. R. 234, the court said: "We do not think his failure to recollect the particular facts justifies proving his former testimony. When failure of memory amounts to mental imbecility, the witness is as one dead or insane, and, as his testimony cannot then be taken, his testimony upon a former trial of the same issues, between the same parties, may be resorted to. To admit it in any less case would continually present the question, what degree of forgetfulness shall be required?" See, also, 20 Am. Jur., Evidence, §§ 702, 703, pp. 590, 591; annotation in 91 Am. S. R. 194, subdivision (b), on the admissibility of evidence given on former trial. See, also, Robinson v. Gilman, 43 N. H. 295.

As stated in Drayton ads. Wells, 1 Nott & McC. (S. C.) 409, 9 Am. D. 718: "In the first place, the cases must be very few, in which third persons will recollect better what a witness said, than he will himself. Such cases must be anomalies, for which, it will not be worth providing. * * * In the next place, it may be very dangerous. In the last view of it, there is danger that you will substitute rash confidence for prudent hesitation. That which was spoken with the impartiality of truth, may be reported with the heat of controversy. *The ear hears too often as the mind thinks;* and that which is wished, appears to be said. But if we were to receive this testimony, because the witness says he has forgotten what he formerly deposed, could we refuse to receive testimony where he denied what he had said, not from turpitude, but want of memory? I think not.

Then, in all cases where a second examination was had, we might, and in many we certainly would, have suppletory testimony of this kind."

In Turner v. Missouri-Kansas-Texas R. R. Co., 346 Mo. 28, 142 S. W. 2d 455, 129 A. L. R. 829, it was said: " 'The mere fact that a witness who is not mentally incapacitated has forgotten the facts to which he formerly testified or that he fails to recollect particular facts will not admit proof of his testimony at a former trial.' " See, also, 22 C. J., Evidence, § 522, p. 436; 18 C. J., Depositions, § 214, p. 691; 3 Jones' Commentaries on Evidence (2 ed.), pp. 2176, 2177.

In consideration of the record and the authorities herein cited, the verdict and judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.