MAURICE CALLIES, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.
61 N. W. 2d 370

Filed November 20, 1953.   No. 33399.

*L. M. Clinton,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Homer L. Kyle,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

Maurice Callies was charged in the district court for Deuel County with aiding and abetting Dale Sherrick to commit statutory rape on one Janice Irene Sneith. The jury returned a verdict finding defendant guilty as charged, and recommended leniency. The defendant filed a motion for new trial which was overruled. The trial court committed him to the State Institution for Boys at Kearney, Nebraska, until he reaches the age of 21 years or is discharged by the institution. He brings this error proceeding to this court to review his conviction and sentence.

The plaintiff in error will hereafter be referred to as the defendant.

At the conclusion of the State's evidence and at the conclusion of all of the evidence the defendant moved for a directed verdict, which was overruled. This ruling is assigned as error. The contention of the defendant is that the evidence is wholly insufficient to convict the defendant of the crime charged, beyond a reasonable doubt, and that there was a lack of competent evidence as to the age of the principal, Dale Sherrick.

To determine the above assignment of error we set forth a résumé of the evidence adduced at the trial.

The prosecutrix, Janice Irene Sneith, testified that she was born September 26, 1938, and that she attended Chappell high school. On October 8, 1952, when walking home from school with Irene Nelson, she saw the defendant, accompanied by Dave Carleton and Dale Sherrick, in an automobile driven by Dave Carleton. At several crossings she was asked by the defendant if she wanted to take a ride. She replied "no," and later said that she had to go home and take care of her little brother. The car stopped at a point and in such a manner as to block her path. The defendant got out of the car, grabbed her, put her arms behind her back, and forced her over to the car. He picked her up and put her in the car, and she "hollered" for Irene. At the direction of

the defendant the car was driven north of Chappell to the golf course. At the golf course the defendant and Dale Sherrick had intercourse with her. In both instances the act was complete. The defendant held her so she could not move while Dale Sherrick had intercourse with her. After about 30 or 40 minutes she requested Dave Carleton to drive her home. She was let out of the car at an alley within half a block of her home. When she arrived home her mother was not there. She informed her mother the next evening of what had occurred. The next day she told her sister Carol about the affair while Carol, Irene Nelson, and the prosecutrix were walking home from school.

In her cross-examination, she testified that she had met the defendant about a year previous, on Christmas Eve, that she had known Dale Sherrick about the same length of time, and Dave Carleton for about a year. She told about her position while the acts of intercourse were being carried on, the position of the boys in the back and front seats of the car during the time, the length of time they were there, and what occurred.

She was corroborated by Irene Nelson's testimony as to the manner in which she was picked up and the conversation had with her sister Carol in Irene's presence. Irene told her brother of the happening and had him go and tell Janice's mother.

The mother of the prosecutrix testified that she had been informed the evening of October 8, 1952, that Janice had been picked up by some boys. She was not at home at the time Janice arrived there, but noticed when she arrived that Janice looked pale and did not seem to be her usual self. She was unable to talk to Janice about the affair that evening due to the presence of her small son. The next day she inspected Janice's garments; they were soiled and the straps of her slip were broken. She notified the city police, and on October 31st, took Janice to a doctor for the purpose of ascertaining whether or not she was pregnant.

Dave Carleton's testimony corroborated that of the prosecutrix in almost all details. The variance in the testimony of the prosecutrix and this witness is of minor importance and need not be set out.

The defendant testified that he was born on August 25, 1936, and resided with his mother at Lodgepole, Nebraska. He further testified that he went to Chappell in Dave Carleton's car with Dale Sherrick. Dave was doing the driving. While in Chappell they saw Janice and Irene Nelson. Dave asked the defendant if he wanted to see if they could pick them up. The defendant said he did not care. Dale Sherrick said it did not make any difference to him. The defendant testified that he then asked Janice if she wanted to take a ride and she said "no." He described the course they took in following Janice. When the car stopped he stepped out of it, walked up to Janice, put his arms around her, and asked her if she wanted to go for a ride. She said she would for a little while, but she had to be back at 5 p. m. Then he told of the position of the different parties in the car as they rode to the golf course. He denied that he lifted her up and put her in the car, and that he told Dave where to drive. When the car stopped at the golf course, he testified, he started necking Janice, teasing her, and playing with her slip strap or brassiere strap; that they kissed each other, and she put her arms around him and kissed him; and that this continued for 5 or 10 minutes. He asked her if he could have intercourse with her and she said "no." Then he described the position that she placed herself in. He again asked her the same question. He testified to partially undressing Janice, at her request, and other matters incident to the act, the position that Janice was lying in at the time, the conversation had with Dale Sherrick with reference to having intercourse with Janice and with reference to a request by Janice to be driven home, the position of the parties in the car on leaving the

golf course, and letting Janice out at the place she re- quested.

There are many other facts which we deem it unnecessary to set forth.

Section 28-201, R. R. S. 1943, provides: "Whoever aids, abets or procures another to commit any offense may be prosecuted and punished as if he were the principal offender."

With reference to the offense as charged, as stated in State v. Kneedy, 232 Iowa 21, 3 N. W. 2d 611, knowledge or consent is seldom capable of direct proof. It is usually inferred from the proven surrounding circumstances. Participation in criminal intent may be inferred from presence, companionship, and conduct before and after the offense is committed. A common purpose among two or more persons to commit a crime need not be shown by positive evidence but may be inferred from the circumstances surrounding the act and from defendant's conduct subsequent thereto. See, also, 22 C. J. S., Criminal Law, § 87, p. 155; People v. Mummert, 57 Cal. App. 2d 849, 135 P. 2d 665; Brownrigg v. State, 136 Neb. 729, 287 N. W. 193; Fields v. State, 107 Neb. 91, 185 N. W. 400; Balis v. State, 137 Neb. 835, 291 N. W. 477; Smith v. State, 111 Neb. 432, 196 N. W. 633; Puckett v. State, 144 Neb. 876, 15 N. W. 2d 63.

The rule is well established that it is only where there is a total failure of proof to establish a material allegation of the information, or the testimony is of so weak or doubtful a character that a conviction based thereon cannot be sustained, that the trial court is justified in directing a verdict for the defendant. See, Onstott v. State, 156 Neb. 55, 54 N. W. 2d 380; Wanzer v. State, 41 Neb. 238, 59 N. W. 909. This assignment of error is without merit.

The defendant predicates error, contending that the trial court erred in overruling the defendant's motion to quash the amended information.

It appears that the defendant was first charged with

statutory rape under section 28-408, R. R. S. 1943, which provides that in the event any male person of the age of 18 years or upwards shall carnally know or abuse any female child under the age of 18 years, with her consent, unless such female child so known and abused is over 15 years of age and previously unchaste, shall be guilty of rape. The defendant was 16 years of age at the time of the alleged offense, and the prosecutrix less than 15 years of age. The defendant was accorded a preliminary hearing and bound over to the district court where an information was filed charging him with statutory rape. Later a request of the county attorney to file an amended information was granted, charging the defendant with aiding and abetting Dale Sherrick to commit rape upon the prosecutrix. A motion to quash the amended information was filed by the defendant on the ground that the information charged a new crime, different in identity from that charged in the original information; that no complaint was ever filed against the defendant alleging the commission of an offense as shown in the amended information; and that the defendant had not had a preliminary hearing and had not waived his right to a preliminary hearing. The motion to quash the information was overruled. Thereafter, the defendant was accorded a preliminary hearing in the district court. He waived the reading of the information and entered his plea of not guilty. Evidence was adduced by the State, but none by the defendant.

In this connection, section 29-203, R. R. S. 1943, provides in part: "Judges of the district courts shall have the same powers * * * for crimes and offenses committed in their respective districts as any of the magistrates aforesaid have in their respective counties."

A district court, within its district, is authorized to exercise the powers of examining magistrates generally, with respect to preliminary hearings of persons accused of the commission of a felony. See Van Buren v. State, 65 Neb. 223, 91 N. W. 201.

"It is discretionary with the district court whether it·will sit as an examining magistrate, and its ruling in that regard will not be disturbed where no abuse is shown." State v. Dennison, 60 Neb. 192, 82 N. W. 628.

It is immaterial whether the information filed in the district court charging the defendant under the provisions of section 28-201, R. R. S. 1943, is called an amended information or just an information. It is apparent from the record that every constitutional and statutory right which protected the substantial rights of the defendant was carried out. This assignment of error is without merit.

The defendant contends the trial court erred in refusing to call 24 jurors into the box before permitting the State and the defendant to exercise their six peremptory challenges each.

There were 18 jurors called into the box, all of whom were passed for cause. The court required the defendant to exercise three of his peremptory challenges at that time, and also the State was required to do so. Additional jurors were interrogated by each side and passed for cause, then the balance of the peremptory challenges, that is three for each side, were exercised.

We find no legal requirement that 24 prospective jurors must be passed for cause before the parties are required to exercise their peremptory challenges. Section 29-2005, R. R. S. 1943, makes no such provision. While the usual course of procedure may not have been followed, as indicated in Mathes v. State, 107 Neb. 212, 185 N. W. 425, we find no prejudicial error, especially so when none is shown by the defendant, nor in what manner he was prejudiced by the court's action. The assignment of error cannot be sustained.

The defendant assigns as error that public records, such as school census records and duplicate driver's licenses testified to by the parties having custody and charge of such records, were not competent to show the age of the principal, Dale Sherrick.

Section 25-1279, R. R. S. 1943, provides for the admission in evidence of certified copies of all records belonging to any public office.

A public record is evidence of those matters which are properly shown therein. The custodian of a public record may explain it. This is a well-established rule. See, 32 C. J. S., Evidence, § 644, p. 509, § 645, p. 509. This assignment of error is without merit.

The defendant assigns as error the action of the trial court in permitting a transcript of the testimony of Dr. Rundquist, taken at the preliminary hearing of the defendant, to be read into the record.

The State offered this evidence on the ground that a subpoena had been issued and returned, that the witness could not be located, and was not available to testify. Objection was made to its admission on the grounds of hearsay and no proper foundation laid for its admission in evidence. This objection was overruled; it should have been sustained.

In Koenigstein v. State, 103 Neb. 580, 173 N. W. 603, we said that when a witness, now living, has been previously examined in open court with the opportunity for cross-examination, which has been fully availed of, and the witness cannot be produced for examination at the second trial, the evidence so given upon a former trial for the same offense may be used at the subsequent trial. See, also, Meyers v. State, 112 Neb. 149, 198 N. W. 871; Trobough v. State, 122 Neb. 7, 238 N. W. 771; Jackson v. State, 133 Neb. 786, 277 N. W. 92; Dolen v. State, 151 Neb. 76, 36 N. W. 2d 566. It is immaterial whether such testimony was adduced at a preliminary hearing or in a former trial for the same offense. See Jackson v. State, *supra*.

Neither the subpoena nor the return thereon is in evidence. There is no testimony by the officer in whose hands it was placed that he made a diligent search and inquiry as to the whereabouts of this witness, whether or not the witness could be found, or any other evidence

to the same effect. There is just the statement of the county attorney that a subpoena had been issued and returned. There must be evidence of diligence on the part of the prosecution to locate the witness, and evidence of the unavailability of the witness to testify. See, Koenigstein v. State, *supra;* Meyers v. State, *supra;* Jackson v. State, *supra;* Spaulding v. Chicago, St. P. & K. C. Ry. Co., 98 Iowa 205, 67 N. W. 227.

It is apparent that no sufficient foundation was laid for the admission of this testimony, and there was no sufficient showing that the witness was not available to testify or that he could not be in attendance at the trial. We sustain the assignment of error.

The defendant contends that the trial court erred in unduly restricting cross-examination of Dave Carleton, an accomplice called for the State as a witness.

Great latitude should be allowed in the cross-examination of an accomplice who testifies for the State on a trial of his associates. He must disclose all that he and his associates may have said or done in relation to the offense, and may be required to disclose whether he had been promised leniency or immunity for testifying. See 58 Am. Jur., Witnesses, § 655, p. 362.

In the instant case, from an examination of the cross-examination of the accomplice, it is apparent that this cross-examination was unduly restricted. The defendant had a right to test the credibility of this witness's testimony by eliciting from him questions on cross-examination in keeping with the rule as above stated.

The testimony of an accomplice, testifying on behalf of the State in a criminal prosecution, is not regarded with favor and should be closely scrutinized and received with caution. See, Henderson v. State, 135 Fla. 548, 185 So. 625, 120 A. L. R. 742; Gibbs v. State, 37 Ariz. 273, 293 P. 976, 74 A. L. R. 1105; 58 Am. Jur., Witnesses, § 868, p. 497; People v. Koukol, 262 Mich. 529, 247 N. W. 738, 87 A. L. R. 878.

We find that the trial court committed prejudicial error

as contended for by the defendant.

The defendant assigns as error that the trial court erred in unduly restricting the cross-examination of the prosecutrix. We deem it unnecessary to set out the specific questions and answers on cross-examination which demonstrate whereby defendant was deprived and restricted in the cross-examination of the prosecutrix. Suffice it is to say that the defendant was not permitted to elicit testimony as to whether or not the prosecutrix had met and been out with the defendant on previous occasions, or had been out with Dale Sherrick or Dave Carleton; what occurred between the defendant and the prosecutrix immediately before she testified she had intercourse with him; the position of the car with reference to whether it could be seen by other cars that might be in the immediate vicinity; whether or not the doors of the car were open at the time she testified she had intercourse with the defendant and Dale Sherrick; whether or not they met any other cars on the way to the golf course; and other matters connected with the surrounding circumstances when the alleged crime was committed.

Questions calling for evidence tending to show the improbability of, or to throw doubt upon, statements made in the examination in chief are proper upon cross-examination. See, Schrandt v. Young, 62 Neb. 254, 86 N. W. 1085; Lillie v. Modern Woodmen of America, 89 Neb. 1, 130 N. W. 1004; Fitch v. Martin, 84 Neb. 745, 122 N. W. 50.

The time and place of, and the circumstances surrounding or connected with, a transaction or occurrence testified to on direct examination are proper subjects of inquiry on cross-examination. 70 C. J., Witnesses, § 804, p. 636.

In the prosecution for such a crime as here being considered, great latitude should be allowed in cross-examination of the prosecuting witness. Such a witness may be cross-examined with reference to matters pertinent

to the issues in the case concerning which she has testified to or referred to in her direct examination, and as to matters bearing upon her credibility and the weight to be given her testimony. See 70 C. J., Witnesses, § 833, p. 680.

We are cognizant of the fact that the prosecutrix was incapable, legally, of giving her consent, and evidence to such effect must be and was properly rejected. We are also cognizant that any previous act of immorality, if any, on the part of the prosecutrix could not be inquired into in a case of statutory rape. See, Liebscher v. State, 69 Neb. 395, 95 N. W. 870; Bailey v. State, 57 Neb. 706, 78 N. W. 284, 73 Am. S. R. 540; Frank v. State, 150 Neb. 745, 35 N. W. 2d 816; Stapleman v. State, 150 Neb. 460, 34 N. W. 2d 907; Schlegel v. State, 143 Neb. 497, 10 N. W. 2d 264; 44 Am. Jur., Rape, § 91, p. 959; Annotation, 65 A. L. R. 425. See, also, Sherrick v. State, *ante* p. 623. We conclude, from an examination of the record, that the trial court unduly restricted the cross-examination of the prosecutrix, and by so doing committed prejudicial error.

The defendant predicates error on the refusal of the trial court to give several requested instructions, all of which have been examined and found either not to be pertinent to the crime charged, or mere abstract propositions of law which were given in substance by the trial court in its instructions to the jury.

"Instructions are to be considered together, to the end that they may be properly understood, and, when so construed, if as a whole they fairly state the law applicable to the evidence, error cannot be predicated on the giving of the same." Vanderheiden v. State, 156 Neb. 735, 57 N. W. 2d 761. See, also, Pauli v. State, 151 Neb. 385, 37 N. W. 2d 717; Kirkendall v. State, 152 Neb. 691, 42 N. W. 2d 374; Luster v. State, 148 Neb. 743, 29 N. W. 2d 364.

Other assignments of error need not be discussed.

For the reasons given in this opinion, the judgment of the trial court should be, and is hereby, reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.