STATE OF NEBRASKA, APPELLEE, V. JOHN G. BAUTISTA, APPELLANT.

227 N. W. 2d 835

Filed April 10, 1975. No. 39701.

James T. Hansen, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is an appeal from a murder conviction. The defendant was charged with first-degree murder. After trial by a jury, a verdict of guilty of second-degree murder was entered, and the defendant was sentenced to 20 years hard labor at the Nebraska Penal and Correctional Complex. We affirm the judgment and sentence of the District Court.

The facts are as follows: On the evening of March 3, 1974, the defendant, John G. Bautista, and Phillip Esparza became involved in a fight outside Paul's Club in Scottsbluff, Nebraska. The evidence is disputed as to whether only these two men were fighting or whether others were also hitting the defendant. The defendant then left the club to take his nephew home, and later Phillip Esparza departed. Ten to 25 minutes after the defendant's departure from the club, he reappeared at the club carrying a rifle. He went over to the table where Paul Esparza, Phillip's father, was sitting and asked where his son was. Witnesses testified that the defendant said: "Look what he did to me" referring to his face and "how would you like it if I got you here and now?", or words to that effect, e.g., "if you don't tell me where he (Phillip) is I will shoot you." Paul Esparza turned away, then back toward the defendant, and began to get up from his chair. Then the defendant shot Paul Esparza with the rifle and the victim died from a hemorrhage resulting from a bullet wound in the heart. The evidence further indicated that the defendant's blood contained .13 by weight alcohol.

For his first error the defendant assigns the failure of the trial court to order that the jury be kept together (or sequestered) during the trial. The defendant finally moved the court to require the jury to be sequestered, or alternatively to be admonished not to read

newspapers or listen to television or radio accounts. This motion was denied. The applicable rule of law is that whether or not a jury is kept together during a criminal trial is left to the discretion of the court. St. Louis v. State, 8 Neb. 405, 1 N. W. 371 (1879). See, also, Wesley v. State, 112 Neb. 360, 199 N. W. 719 (1924); Smith v. State, 111 Neb. 432, 196 N. W. 633 (1923). Section 29-2022, R. R. S. 1943, provides that the jury is required to be kept together only after the case is submitted to it for a verdict. The statute does not require an additional affirmative showing of good reason on the record before the trial court allows jury members to disperse during trial. Also, the defendant makes no showing of prejudice because the trial court allowed the jury to separate, as required by State v. Kirby, 185 Neb. 240, 175 N. W. 2d 87 (1970).

For his second error, the defendant claims that the trial judge erred in overruling his motion to order the jurors not to read newspaper accounts or to listen to radio or television reports concerning the progress of the trial. The defendant also moved for a mistrial because of the alleged prejudicial effect of published newspaper accounts. He also offered to poll the jury to establish whether the jurors had in fact read the newspaper accounts, but the trial court refused permission. The trial court did give the admonition mandated by section 29-2022, R. R. S. 1943; implicit in it is the admonition not to get information regarding the trial from sources other than the evidence presented at trial. No additional admonition is required by statute and the trial judge's discretion governs in absence of abuse. According to the general rule, in order for a verdict to be set aside because of prejudicial effect of newspaper accounts on jurors, there must be evidence presented that the jurors read newspaper accounts and that the accounts were unfair or prejudicial to the defendant. Annotation, Juror Reading Newspaper, 31 A. L. R. 2d 417 (1953). The newspaper accounts in question here can-

not be considered prejudicial to the defendant. We have examined the defendant's exhibits 38 and 41, Scottsbluff Star-Herald, Wednesday, June 19, 1974, and Thursday, June 20, 1974, and have found that although they were not verbatim transcriptions of the courtroom proceedings, they were fair and accurate accounts. The news report included information which reflected well on the defendant's character, and any mistakes in reporting were of no prejudice on the issue of guilt. The contention is without merit.

For his third error, the defendant claims that the trial court abused its discretion in refusing to order an effective sequestration of witnesses. At the trial the defendant moved that all witnesses subpoenaed by the State be excluded from the courtroom until called as witnesses, and that they be ordered not to converse with one another. The trial court ordered the witnesses excluded from the courtroom, but refused to caution them against conversing about the case with each other. Exclusion and sequestration of witnesses is within the discretion of the trial court, and the denial of a motion to sequester will not be disturbed in absence of prejudice to the accused. Swartz v. State, 121 Neb. 696, 238 N. W. 312 (1931); Maynard v. State, 81 Neb. 301, 116 N. W. 53 (1908). The defendant claims prejudice in that a witness, Genovevo Saucedo, claimed that he was threatened by another witness, although the record indicates that what actually transpired was a slight quarrel unrelated to the trial. Further, there is no evidence that Saucedo's testimony was affected. On the contrary, Saucedo testified affirmatively that he had not been frightened by the supposed "threat" and had no intention of changing his testimony. The contention is meritless.

Fourth, even though not found guilty of the charge, the defendant assigns as prejudicial error the submission of the case to the jury on first-degree murder, because there was no evidence to sustain a finding of a pre-

meditated plan or of malice in the killing of Paul Esparza. We disagree and hold that on the record it was indeed a jury question as to whether the elements of first-degree murder existed. Malice is indicated by the above-quoted testimony regarding the words which passed between the defendant and the victim immediately before the shooting occurred. Further, the jury may well have found premeditation in the defendant's act of killing Paul Esparza, even though their preceding altercation was brief. As we recently stated in State v. Nokes, 192 Neb. 844, 224 N. W. 2d 776 (1975): "* *˙* time is not the crucial element in establishing premeditation. * * * 'the time required may be of the shortest possible duration. The time may be so short that it is instantaneous, and the design or purpose to kill may be formed upon premeditation and deliberation at any moment before the homicide is committed.'" (Citing Savary v. State, 62 Neb. 166, 87 N. W. 34 (1901)). Accordingly, the defendant's fourth contention has no merit.

Fifth, the defendant assigns as error the failure of the trial judge to give instructions requested by him dealing with manslaughter and provocation. The transcript shows the trial court did instruct the jury as to the essential elements of manslaughter, and that the instruction tracked the words of the statute defining manslaughter, section 28-403, R. R. S. 1943. There was no error in refusing to instruct the jury further regarding reasonable provocation because there is no evidence in the record that the defendant was reasonably provoked by the victim. On the contrary, what provocation existed resulted from the acts of the victim's son, not the victim himself. There was no error on the part of the trial court for failure to instruct regarding provocation.

Lastly, the defendant claims that his 20-year sentence is excessive in light of his good character and absence of prior convictions. This court has repeatedly held

that where the punishment of an offense created by statute is left to the discretion of the trial court, and the sentence imposed is within those limits, such sentence will not be disturbed unless there is an abuse of discretion. Given the violent circumstances of the crime and the fact that the sentence imposed was below the statutory maximum, we cannot say that the trial judge abused his discretion.

We affirm the judgment and sentence of the District Court.

AFFIRMED.